By the Court, Gridley, J.
The first exception on which the defendant relies arises out of the exclusion of certain testimony offered by the defendant, ori the trial. After the plaintiff had given evidence tending to show that the defendant committed the injury which resulted in the death of the deceased, the counsel of the defendant offered to prove that some other person than Bailey committed the injury in question. This evidence was excluded by the court, as inadmissible under the answer.
A brief reference to the pleadings may aid us in determining whether this ruling was right. The complaint averred that ore or about the 18th day of December, 1849, at the town of Marcellus in the county of Onondaga, the defendant wrongfully made an assault on the said Ashbel S. Baker, and with great force and violence seized him, &c. &c. by means of which he became sick, and died ore the 25th day of December, 1849, by reason of the injuries inflicted on hiin by the defendant. The defendant in his answer denied “ that on or about the 18th day of December, 1849, at the town of Marcellus, or at any other place, he wrongfully made an assault,” &c. <fcc. “ or, that ore or about the 25th day of December, 1849, the said Ashbel died of the injuries so inflicted upon him by "the defendant.” Now this is a clear case of a negative pregnant. Time and place are immaterial; "(Gould’s Pl. p. 318, s. 25; p. 321, s. 32 ;) and the *56 plaintiff could have proved thmcommission of the injury on any other day than that stated in the complaint. The defendant has denied that he made the assault, and that the deceased died of the injury committed, on the particular days stated in the complaint; leaving the answer pregnant with the .affirmative .admission that he made the assault, and that the deceased died thereof, on other days than those mentioned in the complaint. Such is the legal construction of the pleading. (Comyn’s Dig. tit. Pleader, R. 5 Dyer, 95, pl. 36. 2 Saund. 319. Bac. Abr. tit. Pleas, No. 6.) The pleader says that he did not make an assault on the deceased, on the day mentioned in the complaint, and the legal construction of this pleading is, that he did, on some other day. (See Gould’s Pl. 320, s. 30.) ' As a general rule no issue can he joined on a negative pregnant, because the affirmative implication, to which it is open, destroys the effect of the denial or traverse. Thus if the defendant plead in bar a release, made since the date of the writ, and the plaintiff replies non est factum since the date of the writ, the replication is a negative pregnant. For it admits, by implication, a release made before the writ, and which is as effectual a bar to the action as one made afterioards. There were two ways in which the defendant might have pleaded, if he had desired to put in issue the fact of his doing the act. He might have negatived any other assault, on a different day, as he did the place, by saying he did not assault the deceased on that day or any other ; or he might have denied the assault in modo et forma, which does not put time in issue. (Gould’s Pl. 318, s. 25.) Now an issue involving a negative pregnant is aided after verdict. But by the common law, the plaintiff having recovered here the verdict would be final; but if the defendant had recovered there would have been a new trial, on the ground that the merits had not been tried. (See Gould’s Pl. 322, s. 34.) But the question presented here is whether the proof offered was admissible under the pleadings, within the principles of the code of procedure. By section 149 of that instrument it is provided that “ in respect to each allegation of the complaint controverted by the defendant the answer shall contain a general or *57 specific denial thereof; or a denial thereof according to his information and belief; or any knowledge thereof, sufficient to form a belief.” And by section 168 it is enacted “ that every material allegation of the complaint, not specifically controverted by the answer, &c. shall for the purposes of the action be taken as true.” Now it has been shown that the legal construction of the answer is, a denial that the act was done or that the death occurred, on the day charged; but an admission, by implication, that the act was done on some other day; and that the death occurred on some other day than that charged in the complaint. And the rule as to admitting evidence must be such as woul .1 have been applied if the pleading had admitted in terms that the defendant seized the deceased and inflicted injuries on him of which he died; but that this was all done on another day than that charged in the complaint. It is very plain that under these pleadings no evidence can be admitted that the act was done by another, when it is admitted on the record that he did it himself.
Again; independently of this objection, a strong argument may be offered in favor of the decision at the circuit, founded on the distinctive principles of the code. By the system introduced by the code of procedure all general issues were abolished; and the pleader was required to set forth the very facts on which he placed his defense. Formerly, in an action of debt, under the plea of non est factum, the defendant might prove control, lunacy, the illegality of the consideration, deed obtained by fraud, erasure, and many other defenses which would show that the deed was not, (at the time of the pleading,) in law, the deed of the defendant. Now, I apprehend that the pleader must set out the facts which show that the deed is not the deed of the defendant. The parties must now set out the facts that constitute the cause of action or the ground of defense, in ordinary and concise language, and in such a manner as to enable a man of common understanding to know what is intended. (Code, §§ 142, 149.) In obedience to this" requirement the pleader must set forth the facts that constitute his defense, in each of the above cases. He must show thz fact that the defendant was a married woman, or lunatic; that the deed ivas tainted with usury, or that *58 it was obtained by fraudulent representations as to its contents. The reason of this change is found in the notes of the revisers. (See Report of 1848, p. 141.) They say, “ We propose that the plaintiff shall state his case according to the facts, and ask for such relief as he supposes himself entitled to; and that the defendant shall in his answer point out his defense distinctly. This form of allegation and counter allegation will make the parties disclose the cause of action and defense, so that they may each come to the trial prepared with the necessary proofs.” Now on the plea of non est factum, in the cases I have supposed, it is quite clear that the pleader would not give his adversary the most remote intimation of the facts on which he intended to ask the court to say that the deed was no deed. So in the case under consideration, if the judge had allowed the evidence offered, the defendant might have proved, under that admission, that the injury in question (the rupture of the bladder) was produced the day before, by an operation performed by a physician; or, he might have proved that the intersusception, mentioned by the medical witness, was the cause of the death of the deceased, and that that symptom was produced by the administration of a drastic purgative several days previous, by another person. To this line of defense there was not in the answer the most remote allusion. The whole of the facts of the defense would have been as complete a surprise on the plaintiff, so far as the pleadings were concerned, as if no answer had been interposed; and the object of the code, as stated in the report of the commissioners, would have been totally defeated. So much for the questions of law arising on this bill of exceptions. It is not necessary to place our decision on this last proposition.
I have now one word to say of the manner in which this question is presented. The parties settled this bill of exceptions themselves, and affixed the signature and seal of the judge to it, without his ever seeing it. There is much of the testimony omitted. Had it all been given it would have appeared that notwithstanding the ruling of the court the defendant had the benefit of an attempt to show that the injury was inflicted otherwise than by the defendant. Witnesses were examined *59 to show that the injury might have been inflicted on the deceased in his business of shoeing horses. In addition to this, a long examination of several witnesses was had to prove that the death was probably produced by the inter susceptiva of the intestines ; and that that was referable to some other cause than the injury committed by the defendant. I know that the case must be decided upon the bill of exceptions as it is. But as important matters have been omitted, I desire to express my disapprobation of the practice of settling bills of exceptions, and aiSxing the signature and seal of the judge without his knowledge, or consent.
II. This act is brought under the act of 1847, entitled “ An act requiring compensation for causing death by wrongful act, neglect or default.” The first section of the act (Laws of 1847, p. 575, ch. 450) declares that whenever the death of a person shall be caused by a wrongful act, neglect or default, and the act, neglect or default is such as would (if death had not ensued) have entitled the party injured to an action; then, and in every such case, the person who, or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages. It is objected that the act is only intended to embrace corporations; and does not reach the case of individuals, who are guilty of the wrongful act. And it is supposed that this construction is favored by the act of 1849 amending the act of 1847. The latter act amends the original act by limiting the recovery to $5000, and the commencement of the suit to two years; and provides that every agent, engineer, conductor or other person in the employ of such company, or persons, through whose wrongful act, neglect or default the death of a person shall have been caused, shall be liable to indictment, for the act. We can see no reason to limit the interpretation of the act to cases arising from the default of corporations. It is probable that the legislature had in their mind mainly the deaths caused by the carelessness of the agents of railroad and steamboat corpora^ tions; but there is nothing to show that it was the design of the legislature to limit the action to these associations. On the contrary, the act expressly reaches individuals, as well as corpo *60 rations. We think it to he the fair construction and the scope of the act to extend the principle of liability to cases where death is the consequence of the wrongful act of the defendant, whether an individual or a corporation. Formerly such actions died with the person. The law intended to give the right to damages to the representatives of the deceased, when the facts were such that the deceased, (had the injury not resulted in his death,) might have maintained an action himself. There is no more reason why the unincorporated proprietors of a line of coaches, or a common carrier, or any individual, who causes the death of another, should not respond to the representatives of the deceased, as well as a railroad corporation. And we are of opinion that the legislature have made all—both corporations and individuals—liable for wrongful acts, neglects and defaults that result in death.
[Oneida General Term,
January 5, 1852.
Gridley, Pratt, W. F. Allen and Hubbard, Justices.]
IIL The only other ground on which a new trial is sought is, that the death of Baker was not produced by an intentional act of the defendant. That principle was settled in Bulleck v. Babcock, (3 Wend. 391.) In that case a school'boy discharged an arrow, which accidentally hit the plaintiff and put out his eye. It was held that the action lay, though it was an accident. Such accidents are not unavoidable, and imply some want of care.
New trial denied.