Henry Stuber et al., as Administrators, etc., Appellants, *v.* James D. McEntee, Respondent.

The cause of action given by the statute (Code Civ. Pro. §§ 1902–1905) to the executors or administrators of a deceased person, to recover damages for negligence causing his death, is no part of the assets of his estate; it is not subject to the payment of his debts or to the ordinary rules applicable to the settlement and administration of the estates of deceased persons.

The claim cannot be barred or released before suit except by some person who has at the time authority to bring the action.

In an action under the statute it appeared that defendant paid to one of the plaintiffs before his appointment as administrator a sum of money, he giving a receipt therefor which stated that the payment was for all expenses caused by the death, and that he had no further claim against defendant. *Held*, that the receipt was not a settlement of the claim or a bar to the action.

*It seems* that in such case defendant would be entitled to show that the money paid was used to pay the expenses of the funeral and burial of the deceased and to be credited with the same by the jury in estimating the damages.

*Rattoon* v. *Overacker* (8 Johns. 126); *Priest* v. *Watkins* (2 Hill, 225), distinguished.

Defendant was a plumber; the deceased, an apprentice in his employ. It appeared that the deceased was killed by the caving in of the sides of a trench or excavation in which he was engaged in plumbing work. *Held*, that in the absence of other proof or explanation, the inference was reasonable or at least possible, that the trench was the place furnished the servant by defendant in which to do his work, and so a refusal to submit the question to the jury was error.

The complaint alleged in substance that the deceased, while in the employ of defendant, was directed by him "to go down and do certain work in the excavation" which he had caused to be made, and while therein, following defendant's instructions, the side of the excavation, by reason of its not having been properly constructed by defendant, fell in, causing the death. Defendant's answer simply denied that he directed the decedent to "go down and do certain work in an excavation which this defendant had caused to be made." *Held*, that this was not such a denial as is required by the Code of Civil Procedure to put in issue the averments of the complaint that defendant caused the trench to be made, and directed the deceased to work in it, and while, in the absence of a motion to correct the answer and make it more certain, it might be regarded as good upon appeal, yet, as the whole scope of the answer assumed the fact that defendant made the trench and directed the

deceased to work therein, and as a non-suit was granted on the assumption of defendant's negligence, on the grounds of contributory negligence and a release, the point of a failure of evidence to show that defendant did make the trench or direct the deceased to work therein, could not be availed of to support the non-suit.

(Argued March 22, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made July 5, 1892, which affirmed a judgment in favor of defendant entered upon an order dismissing the complaint on trial at Circuit, and also affirmed an order denying a motion for a new trial.

This action was brought by plaintiffs, as the administrators of William Stuber, deceased, to recover damages for his death, which was alleged to have been caused by the negligence of defendant.

The facts, so far as material, are stated in the opinion.

*A. Edward Woodruff* for appellants. It is submitted that as to whether the deceased, a lad eighteen years old, and working as an apprentice for the defendant, was or was not guilty of contributory negligence, was, on the conceded facts of the case, a question to be determined by the jury. The deceased was not only an infant, but an apprentice of the defendant. ( *Wallace* v. *C. V. R. R. Co.*, 138 N. Y. 302; *Kranz* v. *L. I. R. R. Co.*, 123 id. 1; *McGovern* v. *C. V. R. R. Co.*, Id. 280, 289; *McNamara* v. *N. Y. & H. R. R. Co.*, 136 id. 650; *Kellogg* v. *N. Y. C. & H. R. R. R. Co.*, 79 id. 72; *Stackus* v. *N. Y. & H. R. R. Co.*, Id. 464; *Fisher* v. *Vill. of Cambridge*, 133 id. 527; *Gates* v. *State*, 128 id. 221; *Peil* v. *Reinhart*, 127 id. 381; *Pomeroy* v. *Vill. of Saratoga Springs*, 104 id. 459; *Palmer* v. *Dearing*, 93 id. 7; *Bassett* v. *Fish*, 75 id. 304; *Weed* v. *Vill. of Ballston Spa*, 76 id. 619; *Laning* v. *N. Y. C. R. R. Co.*, 49 id. 521; *Pantzer* v. *T. F. I. Co.*, 99 id. 368; *Shehan* v. *N. Y. C. R. R. Co.*, 91 id. 332; *Cone* v. *D., L. & W. R. R. Co.*, 81 id. 206; *Stringham* v. *Stewart*, 100 id. 516; *Plank* v. *N. Y.*

*C. R. R. Co.*, 60 id. 607; *Hawley* v. *N. Y. C. R. R. Co.*, 82 id. 370; *Cullen* v. *Norton*, 126 id. 1; *Benzing* v. *Steinway*, 101 id. 547; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Filbert* v. *D. & H. R. R.*, 25 J. & S. 170; *Brown* v. *T. T. S. R. R.*, Id. 356; *G. T. R. R. Co.* v. *Ives*, 144 U. S. 408; *N. Y., L. E. & W. R. R. Co.* v. *A. R. Co.*, 129 N. Y. 597; *Morrison* v. *B. R. R. Co.*, 130 id. 166; *Dollard* v. *Roberts*, Id. 269; *Coughtry* v. *G. W. Co.*, 56 id. 124.) As to the receipt given by Mr. Krause, which the court held was sufficient to sustain the nonsuit, we submit that it speaks for itself, and on its face refers to simply a matter between the defendant and Mr. Krause personally. It was beyond the power of Mr. Krause to do anything that could affect any claim the estate of the deceased might have under this statute. (Code Civ. Pro. §§ 1902, 1903; *Murray* v. *Usher*, 117 N. Y. 545; 1 Williams on Executors, 470, 471; *Mellen* v. *Brown*, 1 H. & C. 686; *Holland* v. *King*, 6 C. B. 727; *Doe* v. *Glenn*, 1 Ad. & El. 49; *Bellinger* v. *Ford*, 21 Barb. 311; *Ledyard* v. *Bull*, 119 N. Y. 62.) It was error to hold plaintiffs' intestate guilty of contributory negligence as matter of law. (*Salisbury* v. *Home*, 87 N. Y. 134; *McGovern* v. *C. V. R. R. Co.*, 123 id. 280.)

*Thomas C. Ennever* for respondent. The complaint was properly dismissed because plaintiffs' intestate was guilty of contributory negligence. (*Kranz* v. *L. I. R. R. Co.*, 123 N. Y. 1.)

O'Brien, J. The plaintiffs' intestate, a young man about eighteen years old, was killed May 12, 1890, while working in a hole or trench about thirteen feet deep and four or five feet square, by the caving in of the earth and stone which formed the wall of the excavation. The defendant is a plumber and the deceased was his apprentice. The plaintiffs sought to maintain this action upon the allegation that the death was the result of negligence on the part of the defendant in not properly shoring up or supporting the walls of the excavation where the deceased was at work. The trial resulted in a non-suit. It was shown in behalf of the defendant that

after the death he paid to one of the plaintiffs in this action,. a brother-in-law of the young man, the sum of $400, which was used by the family to pay the funeral expenses and the cost of a lot in the cemetery and to purchase a gravestone to mark the burial place.   The plaintiff who received the money was not then, but subsequently was appointed, one of the administrators of the deceased.   He gave a receipt for the money to the defendant, in which it was stated that the payment was for all expenses caused by the untimely death of the young man, and "further, that I shall have no further claim whatsoever against Mr. McEntee."   In deciding the motion for a non-suit, the learned trial judge assumed that a case of negligence on the part of the defendant, in omitting to shore up or support the excavation, was shown, but granted the motion upon two grounds : (1) That the deceased was guilty of contributory negligence.   (2) That the receipt for the payment of the $400 was a settlement of the claim and a bar to the action.

Actions for damages by reason of injuries resulting in death were unknown to the common law and are founded wholly upon the statute.   The cause of action is no part of the assets of the estate of the deceased.   The statutory liability has no existence in his lifetime and accrues only by reason of his death.   It is. not subject to the payment of the debts of the deceased nor to the ordinary rules applicable to the settlement and administration of the estates of deceased persons.   (Code, §§ 1902– 1905.)   The damages are not general assets of an estate of a deceased person in the hands of the executor or administrator and subject to their control, but are exclusively for the benefit of the decedent's husband or wife and next of kin.   The claim before suit cannot be barred or released except by some person who has authority to bring the action at the time and who in a legal sense represents the right of action.   When the plaintiff Krause gave the receipt and received the money he was in no such position and had no authority to bind the next of kin of the deceased by a settlement or release.   The cases cited by the learned trial judge in support of his view

do not, we think, control the question. It is only necessary to refer to the two leading cases in this state. (*Rattoon* v. *Overacker,* 8 Johns. 126; *Priest* v. *Watkins,* 2 Hill, 225.) These cases hold that when a person assumes to collect the assets or credits belonging to the estate of a deceased person, and who subsequently is appointed administrator of the estate, and in that capacity brings an action upon the claim so collected, the prior payment made to him before his appointment is a defense to the party against whom the claim existed and who made the payment. For the purpose of protecting parties making payment in good faith to the widow or other person without authority to collect the assets at the time, the letters when subsequently issued to them, are deemed to relate back so as to legalize such payments. But these cases do not hold that a stranger may compromise a claim due to an estate on receiving a part only of what is due and thereby estop himself in a subsequent suit, in a representative capacity, from collecting the residue. If there is any such rule of law in the administration of the estates of deceased persons it has no application in an action like this for the recovery of unliquidated damages under a special statute by the next of kin resulting from a negligent or wrongful act, causing the death of their intestate. We have no doubt that the defendant was entitled to prove the fact of payment and its application to the expenses of the funeral and burial of the deceased and to be credited with the same by the jury in making its estimate of the damages which the plaintiff should recover, if any. In this way the principle decided in the cases above referred to is given full effect, but to hold that the receipt operated as an accord and satisfaction would be extending its operation in a manner to accomplish results that cannot be sustained by reason or authority.

If the defendant made the excavation for the deceased to perform his work in, or if, having seen its condition, he directed him to work in it, then the servant was not as matter of law guilty of contributory negligence. It was a question for the jury within the doctrine of *Kranz* v. *L. I. R. Co.*

(123 N. Y. 1).   It is now claimed that there was no proof
that the deceased was directed by the defendant to work in
the trench, or that the defendant dug it, or had ever seen it, or
that he knew anything about it, and hence negligence on his
part was not established.   It must be admitted that the proof
on these points is very meagre.   The course of the trial, how-
ever, would seem to indicate that they were assumed and such
was the view of the learned judge in granting the motion for
a non-suit.   It may be that upon a full trial it can be made
to appear that the master was not so connected with the
excavation as to render him responsible for the results of the
accident.   But as the plaintiffs were non-suited they are now
entitled to the benefit of every fact established and every
inference that might properly have been drawn by the jury,
and the case must be viewed in the most favorable light
that it could fairly have been by the jury, had it been sub-
mitted upon the evidence as given.   It was sufficiently shown
that the defendant was engaged in the plumbing business, that
the deceased was his apprentice, in his employment, and when
killed actually engaged in plumbing work in the excavation.
In the absence of other proof or explanation the inference
that the trench was the place which the master furnished the
servant in which to do his work, would seem to be reasonable
or at least possible.   In the receipt which the defendant took
for the $400 the deceased is described as " a plumber assistant
in the employ of said Mr. McEntee."   Nothing appears in the
case to justify any inference that the deceased was at the time
of his death working for any other person or subject to any
other directions.   Moreover, we think that the defendant
tendered no issue in his answer in the form required by the
Code upon the allegations of the complaint which were to the
effect that the defendant caused the trench to be made and
directed deceased to work in it.   On this point the allegation
of the complaint is as follows : " That on or about the 12th
day of May, 1890, the plaintiffs' intestate, William Stuber,
while in the employ of the defendant, was directed by the
defendant to go down and do certain work in an excavation,

which the defendant had caused to be made in West 116th street, in the city of New York, between Seventh and Eighth avenues, in said city, about 400 feet or thereabouts east of Eighth avenue, and while in said excavation and following the directions of the defendant, the said excavation, by reason of its not having been properly constructed by said defendant, and by reason of the neglect and improper conduct of the defendant in not properly constructing and making said excavation, and in not making the same safe and fit to work in, and in accordance with the Laws of the State of New York in such case made and provided, the earth on the side and around said excavation fell in and upon the plaintiffs' intestate, the said William Stuber, and covered and buried him in the said excavation, inflicting injuries which caused his death."

It will be seen that the fact that the defendant directed the deceased to work in an excavation which he had caused to be made is sufficiently alleged. The defendant has put the allegation in issue only by the use of the following language in the answer :

"*First.* This defendant denies that he directed William Stuber to go down and do certain work in an excavation to which this defendant had caused to be made in West 116th street in the city of New York, between Seventh and Eighth avenues in said city, about four hundred feet or thereabouts west of Eighth avenue."

This is not such a denial as is authorized by the Code. It is a species of negative pregnant. (*Wall* v. *Buffalo Water Works Co.*, 18 N. Y. 119 ; *Baker* v. *Bailey*, 16 Barb. 54.) It may be that, in the absence of a motion to correct and make more certain, such pleadings may be regarded as good upon appeal. But the whole scope of the answer, even when setting up affirmative defenses, assumes the fact the absence of which is now claimed to be fatal to the plaintiffs' appeal. In view of the fact that the non-suit was not granted on any such grounds, but, on the contrary, the defendant's negligence was assumed in granting the motion, considering the form and

substance of the pleadings, the manner in which the trial was conducted and the inferences which the jury were entitled to draw from the proof given, we think that this point is not now sufficient to sustain the judgment of non-suit, and that there should be a new trial.

The judgment should, therefore, be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.