In the Matter of the Petition of THOMAS H. SNEDEKER, Respondent, v. ADA MAY SNEDEKER, as Administratrix, etc., of CHARLES SNEDEKER, Deceased, Appellant.

*Recovery by an administrator for the negligent killing of his intestate — who are the "next of kin" entitled thereto.*

The term "next of kin," among whom the damages collected in an action brought by an executor or administrator to recover for the wrongful killing of the decedent are, by section 1903 of the Code of Civil Procedure, directed to be distributed "as if they were unbequeathed assets," includes all those entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed personal property of the decedent.

APPEAL by Ada May Snedeker, as administratrix, etc., of Charles Snedeker, deceased, from an order of the Surrogate's Court of Kings county, bearing date the 9th day of October, 1899, and entered in said Surrogate's Court, directing her to pay to Thomas H. Snedeker a distributive share of a judgment obtained by her in an action brought by her against one George Malcom, under sections 1902–1905 of the Code of Civil Procedure, to recover damages resulting from the death of her intestate.

*Charles M. Stafford,* for the appellant.

*A. T. Payne,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of surrogate of Kings county.

All concurred.

The following is the opinion of the surrogate of Kings county:

GEORGE B. ABBOTT, S.:

I am unable to agree with the contention of the learned counsel for the administratrix, although there is much force in his argument.

The terms of the statute are explicit. The action must be brought by the administrator or executor (Code Civ. Proc. § 1902), and a release by the person appointed administrator, executed prior to his appointment, constitutes no defense to the cause of action. (*Stuber* v. *McEntee,* 142 N. Y. 200.)

The damages are exclusively " for the benefit of the decedent's husband or wife, and next of kin, and when they are collected, they *must be distributed* by the plaintiff, *as if* they were unbequeathed assets left in his hand." (Code Civ. Proc. § 1903.)

The term " next of kin " as used in these sections, "includes *all those* entitled, under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent." (§§ 1905, 1870.)

The cause of action allowed is purely statutory and did not exist at common law, and we must look to the statute exclusively for direction as to distribution of the sum recovered.

I fully recognize the apparent inconsistency between the provisions of section 1904, that the damages awarded shall be " a fair and just compensation for the pecuniary injuries resulting from the decedent's death, to the person or persons for whose benefit the action is brought," and the direction of section 1903, that the damages collected, after the deduction of commissions and expenses, " must be distributed    *    *    *    as if they were unbequeathed assets ; " but the latter direction is explicit, and to my mind susceptible of only one construction.

Let an order be presented on two days' notice in conformity with the views herein expressed.