(74 App. Div. 44.)

### DONOVAN v. MAIN et al.

(Supreme Court, Appellate Division, Second Department. June 19, 1902.)

1. PLEADING—AMENDED COMPLAINT—ANSWER ENTITLED "TO THE COMPLAINT."
    An objection that an answer entitled "To the Complaint" was frivolous in not being entitled "To the Amended Complaint" (an amended complaint having been filed) was untenable; the amended complaint alone constituting the complaint in the action.

2. SAME—ANSWER—DENIAL IN LANGUAGE OF COMPLAINT.
    In an action against a corporation engaged in manufacturing and storing chemicals, for injuries received by an explosion, the first paragraph of the complaint alleged defendant's business, and that it was of a dangerous character. The answer denied such allegations in nearly the exact words of the complaint. Held, that under Code Civ. Proc. § 500, providing that the answer must contain a general or specific denial of each material allegation of the complaint, it was error to strike out such answer as frivolous.

3. SAME—NEGATIVE PREGNANT.
    Where a complaint alleged that the defendants were engaged in a dangerous business at the time of the injuries received, an answer denying that the defendants were engaged in such business is not a negative pregnant.

4. SAME—GENERAL DENIAL—SUFFICIENCY.
    An answer, on information and belief, to a paragraph of the complaint, denying "all the allegations contained in the paragraph," constitutes a good general denial thereof.

5. SAME—SURPLUSAGE—STRIKING OUT ANSWER AS FRIVOLOUS.
    Surplus denials and allegations in an answer do not authorize striking out the answer as frivolous.

6. SAME—PERMISSION TO AMEND—EFFECT.
    Error in striking out an answer as frivolous is not cured by permission to amend.

Appeal from special term, Kings county.

Action by Cornelious Donovan against Thomas F. Main and William V. Powers and John McKesson, Jr., William H. Wickham,

George C. McKesson, and Herbert D. Robbins, composing the firm of McKesson & Robbins, and others. From an order overruling the answer defendants John McKesson, Jr., William H. Wickham, George C. McKesson, and Herbert D. Robbins, composing the firm of McKesson & Robbins, appeal. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Almet R. Latson, for appellants.
Jacob Friedman, for respondent.

GOODRICH, P. J. The action is brought to recover damages occasioned to the plaintiff by an explosion of chemicals stored on the premises of Tarrant & Co., on Warren street, in the borough of Manhattan. The complaint was served November 6, 1901. Certain of the defendants composing the firm of McKesson & Robbins appeared on November 30th. The plaintiff served an amended complaint on December 6th. McKesson & Robbins served an "answer to the complaint of the plaintiff in this action" on December 24th. The plaintiff moved for an order overruling the answer of the firm as frivolous, and for judgment and a writ of inquiry to assess damages. The court granted the motion, with leave to the firm to amend the answer, handing down a memorandum:

"Denials in hæc verba are not permissible, nor are these denials in gross. The request is that they should be of 'each' allegation, not of all in gross. Motion granted, with leave to serve a proper and scientific answer within ten days. $10.00 costs to abide.    W. J. G."

The respondent's counsel argues that the answer does not state that it is an answer to the amended complaint, and is consequently frivolous. When an amended complaint is served, it alone constitutes the complaint in the action, and the extremely technical objection, that the answer uses the words "To the Complaint," instead of "To the Amended Complaint," is clearly untenable, and was very properly disregarded by the learned court, which based its decision on the ground already stated.

We are thus brought to an analysis of the complaint and answer seriatim. The first paragraph of the former alleged, in substance, that at the times thereinafter mentioned Tarrant & Co. was a domestic corporation engaged in manufacturing chemicals and drug products, and in the storage of chemicals, drugs, and other substances, which were received from various persons and were of a dangerous and explosive character, at a building on Warren street, of which Tarrant & Co. was owner and in possession and control. The defendant firm of McKesson & Robbins, on information and belief, denied that Tarrant & Co. was engaged in the business of manufacturing chemical and drug products of a dangerous and explosive character, or in the receiving for storage from various persons of chemicals, drugs, and other substances of like dangerous and explosive character, at the building named, using nearly the words of the first paragraph of the complaint, and adding, "as alleged in the paragraph or subdivision of said complaint there marked or designated 'I.'" This is equivalent to a denial that Tarrant & Co. was

at the time named in the complaint, or at any time, engaged in the specified business. The learned justice at special term held that denials in hæc verba or in gross are not permissible. We are of opinion that, while this may be true in some cases, it was error as applied to the present pleadings. When a paragraph of a complaint contains allegations material to the cause of action, the answer may contain a general or specific denial of each material allegation of the complaint (section 500, Code Civ. Proc.); that is, it may deny each and every allegation of a paragraph, or may use either the substantive words or the exact words of the allegation in making the denial. Either form in the present case constitutes good pleading, and upon the briefs of counsel no reason has been adduced to the contrary. One office of an answer being to form an issue, it is difficult to see why a denial in hæc verba of the first paragraph of the complaint herein does not fulfill such office, or why it is not a specific denial. When a defendant interposes a general denial, either of the allegations of the entire complaint or of a separate paragraph of the complaint, he frames an issue. A denial of all the substantive allegations of a paragraph set out in the language used in the complaint is tantamount to a denial of each allegation of the paragraph. The counsel for respondent refers to an opinion of the learned justice, from whose decision the present appeal is taken, in Durst v. Railroad Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297. From that decision no appeal is reported, and, while the parties to that litigation concluded to abide by it, we cannot agree with any portion which is contrary to our views above expressed.

There might be some question, under the decisions, whether in certain cases a denial of the allegations of a paragraph of a complaint "as therein alleged" might not constitute a negative pregnant, but this is hardly correct where the denial specifically uses all the language of the whole paragraph. It may be that the concluding words of the denial, "as therein alleged," are surplusage, but that does not authorize the striking out of the answer as frivolous. It is true that, where an answer uses the words of the complaint in such a way as to form a negative pregnant, the pleading is improper. Such an instance may be found in Baker v. Bailey, 16 Barb. 54, where the allegation was that on December 18th the defendant assaulted a person, who by reason of the injuries died on December 25th. The answer denied that the defendant on December 18th committed an assault from which death resulted on December 25th. The court held that this was a clear case of negative pregnant, because (pages 55, 56):

"Time and place are immaterial; and the plaintiff could have proved the commission of the injury on any other day than that stated in the complaint. The defendant has denied that he made the assault, and that the deceased died of the injury committed, on the particular days stated in the complaint; leaving the answer pregnant with the affirmative admission that he made the assault, and that the deceased died thereof on other days than those mentioned in the complaint. Such is the legal construction of the pleading. Com. Dig. tit. 'Pleader,' R; 5 Dyer, 95, pl. 35; 2 Saund. 319; Bac. Abr. tit. 'Pleas,' No. 6. The pleader says that he did not make an assault on the deceased, on the day mentioned in the complaint, and the legal construction of this pleading is that he did on some other day."

But in the present pleadings the allegation of the complaint is that at the time of the injury to the plaintiff Tarrant & Co. was engaged in business of a dangerous character. The answer denies that Tarrant & Co. was engaged in such business; and that covers not only the time named in the complaint, but all other time. The engagement in such business at the time of the injury is the substance of the denial in that answer, so that the denial is not within the definition of a negative pregnant, as was the fact in Baker v. Bailey, supra.

Paragraph 2 of the complaint alleges that at the time of the injury two of the defendants, Main and Powers, were trustees of the corporation Tarrant & Co., and had entire control of the business and knowledge of the drugs and chemicals stored, and of their dangerous and explosive character. The answer, on information and belief, denies "all the allegations contained in the paragraph." This is clearly a general denial. Paragraph 3 of the complaint alleges the partnership of four defendants under the name of McKesson & Robbins and of two other defendants under the name of Rogers & Pyatt. The answer, on information and belief, denies all the allegations contained in paragraph 3 of the complaint, except that which relates to the partnership of McKesson & Robbins. The denial is proper pleading.

Paragraph 4 of the complaint alleges that some time prior to the accident the firm of McKesson & Robbins and the firm of Rogers & Pyatt placed on storage with Tarrant & Co. large quantities of explosive materials—

"Largely in excess of legal permit and warrant therefore [sic], issued to them by the fire department of the city of New York; and that the defendants, McKesson & Robbins and Rogers & Pyatt, failed to obtain any permit for the storage of said drugs and chemicals as aforesaid, all of which was in violation of the law and of title 3 of chapter 15 of the charter of the city of New York and of the municipal ordinances and rules of the fire department of said city; and of all of which all the defendants, at all the times aforementioned, had due knowledge; and that the storing of said drugs as aforesaid by the defendants constituted a nuisance and a danger and menace to the persons and property of those in the vicinity of said premises."

The answer denied all the allegations contained in paragraph 4 of the complaint, and added:

"And said defendants allege that all drugs, chemicals, and other merchandise at any time stored or kept by them within the city of New York were so kept and stored in due compliance with law, and under special permit or permits issued to them, in so far as such permit or permits were or are by law required."

This latter clause, while perhaps to scientific or strict pleading unnecessary, does not authorize the striking out of the answer as frivolous.

Paragraph 5 of the complaint alleged that on October 29th, by reason of such wrongful and unlawful storing of such drugs and chemicals and other substances at said premises, and "without any fault or neglect on the part of the plaintiff," an explosion occurred whereby the plaintiff, who was lawfully on Warren street, a public highway, was struck and injured. The answer, in paragraph 5, on information and belief, denied "all the allegations contained" in paragraph 5

of the complaint, and alleged, "upon information and belief, that whatever damages and injuries were sustained by the plaintiff, at the time and place or on the occasion in the complaint mentioned, were contributed to and due to the negligence and want of care of the said plaintiff, and were not the result of any negligence on the part of these defendants or their agents, servants, or employés." It is true that the denial of the allegations of paragraph 5 was a denial of the allegation of the absence of any contributory negligence of the plaintiff sufficient to raise an issue on that subject, and that an affirmative allegation of the contributory negligence of the plaintiff was unnecessary, but it is difficult to see what injury has been occasioned to the plaintiff thereby, and above all why such an answer justifies the granting of a motion and the entry of an order "overruling the answer of the defendants McKesson & Robbins herein as frivolous, and for judgment as prayed for in the complaint." Code Civ. Proc. § 519, requires that the allegations of a pleading must be liberally construed with a view to substantial justice between the parties. How can it be said that the allegations of an answer which points the plaintiff to the defense of contributory negligence, though needlessly stated or alleged, should subject a defendant to the striking out of his answer as frivolous? Neither is the error cured by the permission to amend the answer. The defendants should not be subjected to such labor on what appears to be a frivolous objection to the answer.

Since the foregoing was written, our attention is called to the recent case of Railroad Co. v. Hinchliffe, 170 N. Y. 473, 63 N. E. 545. The appeal went up on demurrer to certain paragraphs of an answer. The court said (page 481, 170 N. Y., and page 547, 63 N. E.):

"The demurrer assumes the truth of the facts thus alleged. If they are true, it is difficult to see why they do not constitute a valid defense to the cause of action set out in the complaint. It is probably a defense that could be proved under the general denial, but this does not render the specific allegations demurrable. There are defenses which may be stricken out on motion but cannot be reached by demurrer. Section 500 of the Code of Civil Procedure provides: 'The answer of the defendant must contain: (1) A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information thereof sufficient to form a belief; (2) a statement of any new matter constituting a defense or counterclaim in ordinary and concise language without repetition.' It may be conceded that this defense is not new matter, as it is not in avoidance or confession of the matters set forth in the complaint. But it is none the less a defense, because it is what is termed in pleading a denial. Bouv. Law Dict.; And. Law Dict.; Moak, Van Santv. Pl. p. 509. If authority for such a plain proposition is needed, we have it in the case of Benedict v. Seymour, 16 How. Prac. 298, 304. That was one of the early decisions explaining the nature of pleadings under the Code, and in that case Judge Selden said: 'Defenses, then, are divisible into two classes: (1) Those which deny some material allegation on the part of the plaintiff; (2) those which confess and avoid those allegations.'"

This seems to be a disapproval of the views upon the subject of "defenses" expressed in the Durst Case, supra, and is controlling upon this court.

For these reasons the order must be reversed, with costs.

Order reversed, with $10 costs and disbursements, and motion denied with costs. All concur.