(39 Misc. Rep. 527.)

WEIL et al. v. UNIQUE ELECTRIC DEVICE CO.

(City Court of New York, General Term. December, 1902.)

1. SALE OF GOODS—REFUSAL TO ACCEPT—PLEADING.
   Complaint in an action for the price alleged a sale of 3,000 battery cases, and a delivery of 1,000, and payment therefor, and a tender of the balance, and refusal to accept the same. The answer denied everything except the making of the contract. Held, that defendant could interpose as a separate defense a claim that the sale was by sample, and that the cases delivered were inferior to such sample; such facts constituting new matter, which could not be shown under the general denial.

2. SAME—OBJECTIONS TO QUALITY.
   Where defendant purchases 3,000 battery cases, and accepts and pays for 1,000 without complaint, and without rescission and offer to restore at the time of the delivery of such cases, it waives any objection to the quality, and is liable for the balance, if equal in quality to those already accepted.

3. SAME—TENDER.
   Where there is an entire contract for the purchase of certain goods, and on delivery of a portion the vendee states that he will not accept future deliveries, unless equal to original sample, tender of the balance is waived.

Appeal from special term.

Action by Lazarus Weil and others against the Unique Electric Device Company. From a judgment overruling a demurrer to a separate defense, plaintiffs appeal. Reversed.

Argued before CONLAN, McCARTHY, and SEABURY, JJ.

Felix H. Levy (M. L. Halff, of counsel), for appellants.

Bennet & Silverman (William S. Bennet, of counsel), for respondent.

CONLAN, J. The action is to recover the stipulated purchase price of certain merchandise sold defendant. The complaint al-

leges the sale of 3,000 battery cases, the delivery and acceptance of a payment for 1,000 of that number, and a subsequent tender of the balance thereof, acceptance of which was refused. The answer admits the making of the contract, but denies all other material allegations of the complaint. As a separate defense, it repeats the denials in question, and alleges that defendant agreed to purchase the cases in question at the price stipulated, provided that said cases, when delivered, were equal in quality to sample exhibited the defendant at the time of purchase; that 1,000 of said cases were thereafter delivered on account of said sale, but that they failed to equal said sample in many particulars, and were not in accordance with the agreement; that defendant accepted same, but notified plaintiffs that it would refuse to take the balance of the contract number unless they complied with the sample; and that none of the same has been delivered or tendered. Plaintiffs demurred to this separate defense upon the ground that it is insufficient in law, upon the face thereof. From an interlocutory judgment overruling the same, this appeal is taken.

The demurrer can only be sustained in the event that the "defense" in question fails to set forth "new matter"; that is, matter not embraced within the issue raised, or which might be raised, by a denial, and therefore not provable under a denial. The rule is well settled that under a general denial the defendant may give evidence tending to disprove any fact which plaintiff is bound to prove in order to recover, and that, if other facts are relied upon as a defense, the defendant, in order to avail himself of them, must plead them. Milbank v. Jones, 127 N. Y. 376, 28 N. E. 31, 24 Am. St. Rep. 454.

The matter in avoidance here can hardly be said to be provable under a denial. If plaintiffs prove the original order, and the delivery and acceptance of the thousand cases, and tender of the balance, would it be competent to show that the sale was by sample, and that the goods tendered were inferior thereto? I think not, and that is the test determinable of this question. The authorities cited by plaintiff (principally Durst v. Brooklyn Heights R. R. Co., 33 Misc. Rep. 124, 67 N. Y. Supp. 297, and inferentially Staten Island M. R. R. Co. v. Hinchcliffe, 34 Misc. Rep. 624, 70 N. Y. Supp. 601, and the case of Levy v. Metropolitan St. R. Co., 34 Misc. Rep. 220, 68 N. Y. Supp. 944) have been disapproved in Donovan v. Main, 74 App. Div. 44, 77 N. Y. Supp. 229.

To hold, under the circumstances, that the separate defense was demurrable for the reason assigned, requires a construction altogether too rigid and narrow. I am of the opinion, however, that the demurrer must be sustained, for the reason that the defense in question fails to state facts sufficient to constitute a defense. The sale in question, according to defendant, was an executory one; and when it received the first lot, of a thousand cases, and found them not up to sample, instead of accepting and paying therefor, it was its duty to rescind the sale, and return, or offer to return, the goods. Its failure so to do was an acquiescence on its part in the quality of the cases in question. Hargous v. Stone, 5 N. Y. 86; Coplay Iron Co. v. Pope, 108 N. Y. 236, 15 N. E. 335. The contract, then, being

an entire one, the duty was incumbent on defendant to receive the balance of the order, provided they were of similar quality to the lot already delivered. The notice to plaintiffs that it would not accept the remaining 2,000 cases unless they complied with the sample was, under the circumstances, a breach of contract on defendant's part, and operated as a waiver of tender. Windmuller v. Pope, 107 N. Y. 675, 14 N. E. 436.

Notwithstanding the provisions of section 519 of the Code of Civil Procedure, that the allegations of a pleading must be liberally construed, with a view to substantial justice between the parties, and the principle that pleadings, against demurrer, will be deemed to allege whatever can be implied from their statements by fair and reasonable intendment (Kain v. Larkin, 141 N. Y. 151, 36 N. E. 9), I am inclined to the opinion that the demurrer should be sustained. The interlocutory judgment appealed from should, therefore, be reversed, with costs, and the demurrer sustained, with costs, with leave to defendant to serve an amended answer on payment of said costs.

Judgment reversed, with costs, and demurrer sustained, with costs, with leave to defendant to serve an amended answer on payment of costs. All concur.