LEVIN & MEYER CONTRACTING CO. v. JACKSON et al.

(Supreme Court, Appellate Term.   February 23, 1905.)

PLEADING—ANSWER—NEGATIVE PREGNANT.

Under Municipal Court Act, Laws 1902, p. 1538, c. 580, § 150, providing that the answer must contain a denial of each material allegation of the complaint controverted, a complaint alleging that in the month of April, 1904, plaintiff did work, etc., for defendants is not sufficiently denied by an answer denying that in the month of April, 1904, plaintiff did work, etc., for defendants, but failing to deny that he did so at any other time; it constituting a negative pregnant.

McCall, J., dissenting.

Action by the Levin & Meyer Contracting Company against Henry H. Jackson and others.   From a judgment for plaintiff, defendants appeal.   Affirmed.

Argued before SCOTT, GIEGERICH, and McCALL, JJ.

Joseph A. Kent, for appellants.
Warren McConihe, for respondent.

GIEGERICH, J.   The allegations of the complaint, so far as they are material, are "that in the month of April, 1904, plaintiff did work, labor, and services and expended moneys for the said defendants, at their special instance and request, in estimating on repairs to house at South Nyack, Rockland county, N. Y., all of which service and moneys expended in connection therewith are reasonably worth seventy-five dollars."   The answer "denied that in the month of April, 1904, plaintiff did work, labor, and services and expended moneys for the said defendants, at their special instance and request, in estimating on repairs to house at South Nyack, Rockland county, New York, all of which service and moneys expended connected therewith were reasonably worth seventy-five dollars."

The Municipal Court Act, Laws 1902, p. 1538, c. 580, § 150, among other things, provides that "the answer of the defendant must contain: A general or specific denial of each material allegation of the complaint controverted by the defendant, or of any knowledge or information

thereof, sufficient to form a belief." This provision is precisely similar to the one contained in the first subdivision of section 500 of the Code of Civil Procedure, which superseded section 149, subd. 1, of the Code of Civil Procedure, and hence the adjudications relating thereto are applicable.

In Baker v. Bailey, 16 Barb. 54, the complaint averred "that on or about the 18th day of December, 1849, at the town of Marcellus, in the county of Onondaga, the defendant wrongfully made an assault on the said Ashbel S. Baker, and with great force and violence seized him," etc., "by means of which he became sick and died on the 25th day of December, 1849, by reason of the injuries inflicted on him by the defendant." The latter, in his answer, denied "that on or about the 18th day of December, 1849, at the town of Marcellus, or at any other place, he wrongfully made an assault," etc., "or that on or about the 25th day of December, 1849, the said Ashbel died of the injuries so inflicted upon him by the defendant." The court held that this was a clear case of negative pregnant, because (pages 55, 56) "time and place are immaterial, * * * and the plaintiff could have proved the commission of the injury on any other day than that stated in the complaint. The defendant has denied that he made the assault, and that the deceased died of the injury committed, on the particular days stated in the complaint; leaving the answer pregnant with the affirmative admission that he made the assault, and that the deceased died thereof, on other days than those mentioned in the complaint. Such is the legal construction of the pleading. * * * The pleader says that he did not make an assault on the deceased on the day mentioned in the complaint, and the legal construction of this pleading is that he did on some other day. * * * As a general rule, no issue can be joined on a negative pregnant, because the affirmative implication, to which it is open, destroys the effect of the denial in traverse. Thus, if the defendant plead in bar a release, made since the date of the writ, and the plaintiff replies non est factum since the date of the writ, the replication is a negative pregnant. For it admits by implication a release made before the writ, and which is as effectual a bar to the action as one made afterwards. There are two ways in which the defendant might have pleaded if he had desired to put in issue the fact of his doing the act. He might have negatived any other assault on a different day, as he did the place, by saying that he did not assault the deceased on that day, or any other; or he might have denied the assault in modo et forma, which does not put time in issue."

In Stuber v. McEntree, 142 N. Y. 200, 36 N. E. 878, the complaint alleged:

"That on or about the 12th day of May, 1890, the plaintiff's intestate, William Stuber, while in the employ of the defendant, was directed by the defendant to go down and do certain work in an excavation, which the defendant had caused to be made in West 116th street, in the city of New York, between Seventh and Eighth avenues, in said city, about 400 feet or thereabouts east of Eighth avenue; and while in said excavation, by reason of its not having been properly constructed by said defendant, and by reason of the neglect and improper conduct of the defendant in not properly constructing and making such excavation, and in not making the same safe and fit to work in, and in accordance with the laws of the state of New York in such case made and provided, the earth on the side and around said excavation fell in and upon

plaintiff's intestate, the said William Stuber, and covered and buried him in the said excavation, inflicting injuries which caused his death."

The defendant sought to put these allegations in issue by the use of the following language in the answer:

"First. The defendant denies that he directed William Stuber to go down and do certain work in an excavation which this defendant had caused to be made in West 116th street, in the city of New York, between Seventh and Eighth avenues in said city, about four hundred feet, or thereabouts, east of Eighth avenue."

The court held (page 206 of 142 N. Y., page 880 of 36 N. E.) that:

"This is not such a denial as is authorized by the Code. It is a species of negative pregnant. Wall v. Buffalo Water Works Co., 18 N. Y. 119; Baker v. Bailey, 16 Barb. 54."

Construing the answer under review in the light of the principle followed in those cases, it must be held to mean that the plaintiff did not render services or expend moneys in the month of April, 1904, but that he did at some other time. To be effectual, the answer should have denied the rendition of the services and the expenditure of moneys, not only during the month mentioned, but at any other time.

The case of Donovan v. Main, 74 App. Div. 44, 77 N. Y. Supp. 229, while it holds that the denial in the answer therein is not within the definition of a negative pregnant, is nevertheless confirmatory of the view above expressed. There the complaint alleged that at the time of the injury to the plaintiff, Tarrant & Co., a domestic corporation, was engaged in business of a dangerous character. The answer denied that Tarrant & Co. was engaged in such business, and it was held that covered not only the time named in the complaint, but all other time, and that the engagement in such business at the time of the injury is the substance of the denial in that answer.

The trial justice was right in treating the allegations of the complaint as having been admitted. The judgment should be affirmed, with costs.

Judgment affirmed, with costs.

SCOTT, J., concurs.

McCALL, J. (dissenting). While I am bothered by that part of the record which reads, "Counsel for defendant failing to ask for an amendment," etc., and while it inclines me to say that all this annoyance could have been easily obviated by a motion at that time, still so impressed am I that this claim of the plaintiff is so questionable and dubious that I believe that justice can best be conserved by whipping the issues out before a jury. It may be that ordinarily we would be justified in treating the answer as asserting a mere negative pregnant, but we are bound also to observe that the complaint herein merits criticism, and to conclude that one pleading was as good as the other, and, if the complaint is bad, the answer should not be disturbed. Baxter v. McDonnell, 154 N. Y. 432, 48 N. E. 816. The complaint is pressed not to recover for work done on or materials furnished to the building which defendant owns, but for expenditures made while figuring on contract to get this very work, and does not allege any agreement to pay

upon the part of defendant. In fact, the whole thing savors of a disappointed contractor trying to get even for loss of contract, and defendant should have a proper day in court.