(77 Misc. Rep. 573.)

### CARLETON v. LAWRENCE et al.

(Supreme Court, Special Term, New York County.   September 10, 1912.)

1. PLEADING (§ 126*)—DENIAL—SUFFICIENCY.
   In an action to foreclose a mortgage, an answer denying that defendant had failed to comply with the conditions of the mortgage by omitting to pay a specified sum, or that that sum, or any sum whatever, remained due and unpaid, is not bad as implying a negative pregnant.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 261–263; Dec. Dig. § 126.*]

2. PLEADING (§ 359*)—ANSWER—MOTION TO STRIKE.
   In foreclosure, an answer setting up an agreement for an extension of the debt presents a question of fact, which cannot be determined on motion to strike the answer as a sham, supported by affidavits tending to show that a condition on which an extension was offered was not complied with.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1120–1128; Dec. Dig. § 359.*]

3. PLEADING (§ 360*)—ANSWER—MOTION TO STRIKE—AFFIDAVITS—SCOPE OF CONSIDERATION.
   While affidavits may be used to illuminate pleadings on motion to strike an answer as being sham, they cannot be availed of to sustain an order granting the motion, unless they establish without doubt the falsity of the answer.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1129–1146; Dec. Dig. § 360.*]

Action by Elizabeth H. Carleton against Lee Gwynn Lawrence and others.   On motion to strike defendant Lawrence's answer.   Motion denied.

Edmund Coffin, for plaintiff.

George W. Carr, for defendant Lawrence.

DELANY, J.   This is a motion to strike out the defendant Lawrence's answer as sham.   The plaintiff brings the action to foreclose a mortgage on the property of the defendant, claiming that the principal sum is due and unpaid.   This the defendant denies, and in denying uses the language employed by the plaintiff in expressing the alleged default.   The defendant denies in very words as follows:

"Defendant denies that this defendant has failed to comply with the conditions of the said bond and mortgage, by omitting to pay the sum of $20,000, the principal, which became due and payable on the 15th day of December, 1911; defendant denies that the said $20,000, the principal, remains due and unpaid; and defendant denies that there is now justly due and payable to the plaintiff in this action upon said bond and mortgage the said principal sum of $20,000, with interest thereon at the rate of 5 per cent. per annum from December 15, 1911, or any sum whatever for either principal or interest."

[1] Plaintiff claims that this is not a sufficient denial, and because of the language employed is a negative pregnant, and therefore does not set forth a meritorious defense.   The mere employment of the very words of an allegation in a pleading, with the added denial so expressed, does not in every case and necessarily involve a negative

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

pregnant, and in this case the language sets forth an unqualified denial of the allegation in the complaint alleging the defendant's default. It is not, therefore, justly susceptible of the construction given it by the plaintiff, and as a denial is good. Donovan v. Main, 74 App. Div. 44, 77 N. Y. Supp. 229.

[2] The defendant sets up a separate defense which embodies the contention underlying the controversy. By mesne assignments the plaintiff came into the ownership of this mortgage, and at about the time the principal sum was about to become due there was correspondence between the defendant and the agent of the plaintiff concerning the payment of the principal or the renewal of the mortgage. Plaintiff contends that as a result of this correspondence she caused to be sent to the defendant an agreement to extend the mortgage for three years, which had been executed by her and sent to the defendant through the mails, accompanied by a letter in which the defendant was asked to complete the execution of the instrument and return a duly executed copy to the plaintiff, with the understanding, as plaintiff claims, which was contained in the letter transmitting the agreement, that it was to be delivered only on condition that the defendant pay $100 mortgage tax and the interest about to become due. The defendant Lawrence admitted receiving the agreement in duplicate already executed by plaintiff, but denies receiving any letter imposing any condition upon its delivery. Defendant says she executed the agreement and sent plaintiff's agent a duplicate, which was now executed by both parties, and with it her check, which was accepted, for the interest about to become due, and that she did not hear anything about the delivery of the agreement being conditional for some time after the occurrence. The affidavits on both sides contain a narration of the circumstances, with reference to many episodes and incidents, and some statements of the subsequent conduct of the parties calculated to bear on the probabilities of the one disputed fact in the case; i. e., whether the letter transmitting the agreement in question accompanied the papers. There is clearly here a question of fact, and, as the action is for the principal sum, the question is whether or not the time of the mortgage was extended three years. Independent of the consideration as to the sufficiency of the denial of the material fact of the complaint, heretofore referred to, this separate defense clearly sets up a state of facts which cannot be determined by the court considering the question merely on affidavits.

[3] And while the affidavits may be used for the purpose of illuminating the pleadings on a motion to strike out an answer as sham, they could not be availed of to sustain the granting of such a motion, unless they established beyond contest the falsehood of the answer. In this case they certainly cannot be said to establish any such fact.

Motion denied, with $10 costs.