HALL & LYON FURNITURE COMPANY, Respondent, *v.* ARTHUR
     M. TORREY and MAX E. TORREY, Appellants.

Third Department, May 4, 1921.

**Pleadings — action for goods sold and delivered — answer — recital
of matters in conflict with allegations of complaint not denial —
denial that plaintiff sold and delivered goods at prices alleged
not insufficient — negative pregnant.**

In an action for goods sold and delivered the recital in the answer that
the defendants purchased from the plaintiff certain furniture of a stated
value, which recital is in conflict with the allegations of the complaint
is not the equivalent of a denial within section 500 of the Code of Civil
Procedure.

The denial by the defendants that they purchased the property set forth
in the complaint at the price stated, though containing a negative preg-
nant, is not insufficient, since it is clear that the only issue that the
defendants intended to raise was as to the price, which is a material matter,
and there was no intended deceit or subterfuge in the form of the denial.

APPEAL by the defendants, Arthur M. Torrey and another,
from an order of the Supreme Court, made at the Chemung
Special Term and entered in the office of the clerk of the county
of Tioga on the 22d day of December, 1920, granting judgment
for plaintiff on the pleadings, and also from the judgment
entered in said clerk's office on the same day in favor of the
plaintiff.

*Henry Donnelly*, for the appellants.

*Frederick E. Hawkes*, for the respondent.

VAN KIRK, J.:

The complaint was held to state a good cause of action
for goods sold and delivered. Judgment for the plaintiff was
granted because no issue was raised by a sufficient denial.

The plaintiff has set forth in its complaint the evidence
rather than a plain and concise statement of the facts as
required by the Code of Civil Procedure (§ 481). The
transaction between the plaintiff and defendants was by
correspondence. In the complaint it is alleged:

On October 1, 1919, the defendants wrote, directing the plaintiff to enter defendants' order for certain articles; on October sixth following, the plaintiff sent to defendants an acknowledgment of this order, setting forth the terms, mentioning the same articles, to recover for which the suit is brought, but fixing lower prices for each, which prices aggregate $227, and stating: " This is an exact copy of your order and will be filled as per description; " on the next day a letter from plaintiff followed, stating, " that all of the orders which we are entering at the present time are entered subject to the prices prevailing at the time of shipment and not subject to countermand. This you will note is regardless of any prices that may be quoted on acknowledgments or otherwise." On February 17, 1920, the plaintiff mailed to defendants a bill setting forth these items:

| | | |
|---|---|---|
| " 1 42 Bed American Walnut | $80 | 00 |
| 1 42 Dresser American Walnut | 100 | 00 |
| 1 42 Vanity Dresser Walnut | 105 | 00 |
| 1 42 Chest | 70 | 00 |

" $355 00 "

The plaintiff shipped the merchandise specified in this bill, which was received and retained by defendants; " the prices fixed in said bill for such merchandise were the prices prevailing for such merchandise at the time of such shipment."

In the answer the defendants " deny that the plaintiff sold and delivered to them one 42 bed, American Walnut, $80.00; one 42 dresser $100.00, one 42 Vanity dresser, $105.00; one 42 chest, $70.00; or that said plaintiff sold and delivered to the defendants any such goods at the prices stated in the complaint, in the aggregate, $355.00." The defendants, further answering said complaint, deny that said defendants ever promised and agreed to pay the sum of $355 for said property. Defendants then allege that, prior to the commencement of the action, the plaintiff entered into a contract with the defendants, by which it sold, agreed to and did deliver certain personal property, namely, one 42 bed, $52; one 42 chiffonette, $50; one 42 vanity dresser, $62; one 42 dresser, $63, by virtue of an agreement had between them,

at the agreed price of $227; and that the property above
mentioned, for the prices stated, is the identical property for
which they are now seeking to recover the sum of $355. In
the 3d paragraph of the answer defendants deny separately,
as to each article or item, a promise to pay the price stated
in the complaint, and allege the contract as they claim it
to be.

Section 500 of the Code of Civil Procedure contains this:
" The answer of the defendant must contain:
" 1. A general or specific denial of each material allegation
of the complaint controverted by the defendant, or of any
knowledge or information thereof sufficient to form a belief."

The recital in the answer of matters in conflict with the
allegations of the complaint is not the equivalent of a denial.
(*Rodgers* v. *Clement*, 162 N. Y. 422.) It is claimed that the
alleged denial is no denial, being a negative pregnant. A
negative pregnant is such a denial as leaves the answer
pregnant with an affirmative admission that the material part
of the allegation is true. As a general rule (but not always)
no issue is joined on a negative pregnant, because the admis-
sion, or implication, to which it is open, destroys the effect
of the denial. The general rule is often applied where the
denial *in hæc verba* includes time or place which are usually
immaterial. (*Baker* v. *Bailey*, 16 Barb. 54. See *Stuber* v.
*McEntee*, 142 N. Y. 200, 206.) If no issue is raised by this
answer it is because of the affirmative admission implied in
the form of the denial. Such admission here is that the
defendants purchased these goods at some other price; it
cannot be implied from the denials as framed that they
purchased some other goods at the price named. The wording
of the answer makes it perfectly plain that the defendants
intended to raise an issue as to the price and no other issue.
This is a material matter and issue is raised thereon. The
answer escapes the vice usually present in denials containing
a negative pregnant. There was no intended deceit or subter-
fuge in the form of denials used. The plaintiff was not misled.
The form of the denial is probably due to the very unusual
form of the complaint, and it is doubtful if the defendants
are as faulty in pleading as is the plaintiff. Having in mind
the entire denial, we are of opinion that an issue is raised

as to a fact material in such cause of action as the plaintiff attempted to plead and claims it did plead.

The order and judgment appealed from should be reversed, with costs to the appellant to abide the event.

All concur.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.