tinue to remain liable for any deficiency in the rent. Such an intention, clearly expressed, is enforceable, and survives the termination of the relation of landlord and tenant. Even if the parties had not expressly provided that such right should survive the issuance of the warrant in summary proceeding, the court would still enforce an agreement to that effect which could fairly be inferred from the general language of the lease. Anzolone v. Paskusz, 96 App. Div. 188, 89 N. Y. Supp. 203. Since the parties in this case clearly stipulated that the deposit shall be held as security for a breach of covenant arising after the termination of the relation of landlord and tenant, the plaintiffs are entitled to retain the deposit until the liability intended to be secured can be determined. Although the parties provided for a return "at the end of this lease," they clearly contemplated, not merely the termination of the agreement for the use of the premises, but the termination of all independent obligations contained in the contract.

Judgment should therefore be reversed, with costs, and judgment directed for the plaintiff for $250, with appropriate costs in the court below, and dismissing the counterclaim. All concur.

---

(165 App. Div. 621)

BRUCK v. NEW YORK CENT. & H. R. R. CO.   (No. 303/95.)

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. MASTER AND SERVANT (§ 289*)—ACTION FOR INJURIES—QUESTION FOR JURY —CONTRIBUTORY NEGLIGENCE.

On the evidence in an action for the wrongful death of plaintiff's intestate employed at defendant's roundhouse, and killed by a locomotive entering the roundhouse, *held*, that decedent's contributory negligence was for the jury.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1089, 1090, 1092–1132; Dec. Dig. § 289.*]

2. DEATH (§ 25*)—ACTION—EFFECT OF RELEASE.

Code Civ. Proc. §§ 1902, 1903, give the personal representative of a decedent a right of action for wrongful death for the benefit of decedent's surviving husband, wife, or next of kin, and allow such representative to deduct from the proceeds of such action the reasonable funeral expenses and commissions on the residue. Decedent's brother and sole next of kin assigned his interest to the executrix for suit and collection, and after she had paid funeral expenses of $156, and expenses incident to the injury and litigation and pending the action, released his interest on defendant's payment of $250. *Held*, that the release could not terminate the action, and throw upon the executrix the costs and the loss of funeral expenses and expenses of the action, though such release might be considered as mitigating any damages after payment of the reasonable expenses of the action, funeral expenses, and commissions.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 27; Dec. Dig. § 25.*]

3. DEATH (§ 60*)—ACTION—EVIDENCE—RELEASE.

In an action by an executrix for wrongful death, where decedent's brother and next of kin had no power to terminate the action and throw upon the executrix the funeral expenses and expenses of the action, his testimony that he considered defendant's payment of $250 a satisfaction

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

for all pecuniary loss sustained by him, in view of the verdict for defendant, was reversible error.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 79; Dec. Dig. § 60.*]

Smith, P. J., and Lyon, J., dissenting.

Appeal from Trial Term, Ulster County.

Action by Mary Bruck, as executrix of the last will and testament of Frank J. Bruck, deceased, against the New York Central & Hudson River Railroad Company. From a judgment upon a verdict dismissing the complaint, and denying a motion for a new trial on the minutes, plaintiff appeals. Modified and affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

N. Frank O'Reilly, of Kingston (William H. Grogan, of Kingston, of counsel), for appellant.

Amos Van Etten, of Kingston, for respondent.

JOHN M. KELLOGG, J. [1] The plaintiff's intestate was at work in the defendant's roundhouse at Ulster. His duties, among other things, were to take the oil cans off the engine into the oil room, fill them with oil, and put them back, and to fill the headlights. He was engaged on the night in question at the door of the roundhouse, near the track, polishing his oil can. He had placed the lighted torch in the latch of the door post, and was wiping his can with waste against the post, with his back partly towards the turntable, which was south of the door. Defendant's locomotive came upon the turntable. A man with a lantern signaled it when to leave the turntable and preceded it as it went into the roundhouse. It was usual, when the locomotive left the turntable to enter the roundhouse, to blow the whistle, so that those inside would know of its approach. There was more or less noise around the building. The intestate did not hear the approach of the locomotive. The man walking ahead of it gave him no warning. Upon looking up he saw it nearly upon him. He tried to get out of the way, but was crushed against the door, and received injuries which resulted in his death. He had a certain right to expect that the whistle would blow as usual, and that he would thus receive notice that the locomotive was entering the roundhouse. The question of contributory negligence was a fair question for the jury. We cannot say as a matter of law that he was not entitled to recover.

[2, 3] His sole next of kin was his brother, who assigned his interest in the litigation to the plaintiff, who is the administratrix of the decedent's estate. Apparently the assignment was not intended to transfer the entire beneficial interest in a recovery to the plaintiff, but was for convenience in prosecuting and collecting the claim. Thereafter, and during the pendency of the action, the defendant obtained from the brother a release of all his claims upon payment of $250. The plaintiff had paid an undertaker's bill of $156.60, and had paid other expenses incident to the injury and the litigation. The court charged the jury that, if the assignment was an absolute assignment, then the

release was of no effect; on the other hand, if the assignor thought he was giving a- piece of paper to her, so she could settle the action for his benefit, as he claims, then he had a right to release the cause of action for his damages; and it has been released, except so far as it might cover the funeral expenses and the other disbursements incident to the injuries. It then permitted the jury, in case it found the assignment valid, to treat the $250 in mitigation of damages.

Under the statute the cause of action belongs to the administratrix. The brother, however, was entitled to the beneficial interest in the recovery after payment of the reasonable expenses of the action, the reasonable funeral expenses, and the commissions of the administratrix upon the residue. Code Civ. Proc. §§ 1902, 1903. No act of the brother, therefore, could terminate the action and throw upon the plaintiff the costs, and cause her to lose the expenses of her action and the funeral expenses. The brother who executed the release was a witness upon the trial, and was permitted to answer this question:

"Q. Mr. Bruck, did you consider that amount, $250, in full satisfaction and payment for all pecuniary losses sustained by you as the next of kin of Frank J. Bruck, deceased? A. I did."

This was error, for if he had received full satisfaction, and the actual damages did not exceed $250, it required a verdict for defendant. In the most favorable view to the defendant, the payment to Bruck might be considered as mitigating any damages after payment of the reasonable expenses of the action, funeral expenses, and commissions. It is very probable this ruling may have caused the verdict to go against the plaintiff.

The judgment should therefore be reversed, and a new trial granted, with costs to the appellant to abide the event, unless the defendant stipulates that judgment may be entered for such expenses and commissions. If such stipulation is filed, and the amount to be paid cannot be agreed upon, application may be made at a Special Term to have the amount determined. If such stipulation is made, the judgment is modified accordingly.

SMITH, P. J. (dissenting). This was a negligence case submitted to the jury, in which the jury found that there was no cause of action. In my judgment it might well be held that the plaintiff as matter of law was guilty of contributory negligence. He was going along right by the side of a tremendous engine, of the presence of which it was impossible for him to be unconscious, and by carelessly getting between that engine and the gate of the roundhouse he suffered injury. It seems to me idle to say that the engineer should have warned him, or should have blown a whistle, as the plaintiff was right there within a very few feet of the turntable, from which this engine must have steamed into this roundhouse. Moreover, his coemployé locked the turntable directly in front of the engine when it had made connection with the necessary track, and preceded the engine with his lantern into the roundhouse. But it is not necessary to hold that the plaintiff was guilty of contributory negligence as matter of law. The jury has found for the defendant under a charge which prohibited a

recovery, if either the defendant was found not to be guilty of negligence, or the plaintiff was found guilty of negligence contributing to the accident.

The prevailing opinion recommends that this judgment be reversed on the ground that the court committed error in allowing Mr. Joseph A. Bruck, the sole next of kin of the deceased, to swear that he considered the sum of $250, the amount paid to him for a release in full, as in full satisfaction and payment of any pecuniary loss sustained by him as next of kin of Frank Bruck, deceased. I am wholly unable to see why this was error. He had signed a full release of his right of action in consideration of $250. The legal presumption attaches that he considered the $250 as full compensation for the injuries for which he signed the release. But if the admission of the evidence were technical error, its effect was wholly compensated for by the charge of the trial court that a release signed by this next of kin would not release the cause of action for funeral expenses and other disbursements incident to the injuries. So that, consistently with the charge of the court, the verdict of the jury of no cause of action must have proceeded upon a finding of fact, either that there was no negligence on the part of the defendant, or that the plaintiff's intestate was guilty of contributory negligence. I therefore vote for affirmance.

LYON, J., concurs.