ANN L. DAVIS, as Executrix of EARL DAVIS, Deceased, Appellant, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent.

**Negligence — action by executrix and sole legatee to recover for death caused by negligence of defendant, her attorney being employed on contingent basis — settlement with widow of decedent by defendant — when executrix may maintain action notwithstanding release by decedent's widow and retain one-half of recovery for compensation for her attorney.**

Plaintiff's testator was killed while working in the service of the defendant herein, leaving a wife but no children. His mother, his sole legatee and the executrix of his will, retained a lawyer to bring suit under the statute (Decedent Estate Law [Cons. Laws, ch. 13],

§ 120) against the railroad for causing her son's death, the retainer being on a contingent basis, the lawyer to receive one-half of the proceeds in the event of a trial and one-third in the event of a settlement before trial. He served a complaint which the defendant answered. Thereafter the defendant paid a certain amount to decedent's widow and obtained a release and in a supplemental answer pleaded the release in bar. Upon the trial, the judge instructed the jury, if they found the defendant negligent, to assess the damages as if no release had been given. The jury found a verdict for plaintiff. Thereafter, in an accounting in Surrogate's Court a decree was made fixing the fees and expenses of the attorney at a certain amount and the funeral expenses at a designated sum. On proof of this decree an order was made reducing the verdict to the aggregate amounts allowed by the Surrogate's Court for which judgment was entered, with costs. From that judgment and the decree of the surrogate an appeal was taken to the Appellate Division where both judgment and decree were modified, the ruling being that the limit of the attorney's compensation was the taxable costs and one-half of the sum paid to the widow. *Held*, error; that the plaintiff may properly recover one-half of the damages found by the jury, as compensation to her attorney, but that the expenses of the funeral cannot be allowed. *Held, further*, that the better practice would have been to prove the extent of the attorney's lien before the verdict, and not after, but this irregularity may be overlooked since it has not affected the result.

*Davis* v. *N. Y. C. & H. R. R. R. Co.*, 181 App. Div. 228, reversed.

(Argued March 14, 1922; decided April 18, 1922.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 29, 1918, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict as reduced by the trial court.

*Udelle Bartlett* and *Freelon J. Davis* for appellant. The modification and reduction of the judgment of the Trial Term by the Appellate Division substantially nullifies the contract between plaintiff and her attorney for compensation and was error, because the release executed by the widow who was not a party to the action could not terminate the action, nor affect a recovery for expenses of the action, including compensation for attorney's services, funeral expenses and commissions of the execu-

trix. (*Stuber* v. *McEntee*, 142 N. Y. 200; *Mundt* v. *Glokner*, 24 App. Div. 110; *Matter of Anderson*, 84 App. Div. 550; *Bruck* v. *N. Y. C. & H. R. R. R. Co.*, 165 App. Div. 621.) The release given by the widow being ineffectual to defeat the action as a whole, the procedure on the trial was regular. The trial was not simply to enforce a lien of plaintiff's attorney for services, but it was to recover damages with which to pay the expenses of the action, funeral expenses and commissions of the executrix, as provided in section 1903 of the Code, and no order to continue the action was necessary for this purpose. (*Rockfort* v. *M. S. Ry. Co.*, 50 App. Div. 261; *Matter of Evans*, 58 App. Div. 502; *Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 412; *Stuber* v. *McEntee*, 142 N. Y. 200; *Bauck* v. *N. Y. C. & H. R. R. R. Co.*, 165 App. Div. 621.) Defendant's contention that plaintiff's attorney should have brought an action to foreclose his lien, is untenable. The facts here would not support such an action, and the procedure adopted by the trial court was the only logical and proper remedy. (*Oishei* v. *Met. Street Ry. Co.*, 110 App. Div. 709; *Oishei* v. *Penn. R. R. Co.*, 101 App. Div. 472; *Dolliver* v. *A. S. Boat Co.*, 32 Misc. Rep. 264; *Quinlan* v. *Berg*, 43 Hun, 483.)

*Francis E. Cullen* for respondent. The widow of the plaintiff's testator, being the sole person for whose benefit this action was brought, had the right to release the defendant from all her damages. The executrix was merely a trustee for the purpose of bringing the action, and the release without fraud by the widow, the sole distributee or beneficiary, was a bar to the continuance of the action. (6 Thompson's Comm. on Negligence, § 7043; *Cohen* v. *L. I. R. R. Co.*, 154 App. Div. 603; *Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145; *Matter of Brennan*, 160 App. Div. 401; *Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343; *Quinn* v. *Moore*, 15 N. Y. 432; *Rice* v. *Postal Tel. Co.*, 174 App. Div. 39; 219 N. Y.

629; *Doyle* v. *N. Y., O. & W. R. R. Co.*, 66 App. Div. 398; *McGurty* v. *Amsterdam Gas Co.*, 115 App. Div. 668; *Mella* v. *Northern S. S. Co.*, 127 Fed. Rep. 416; *Sykora* v. *J. I. Case Threshing Machine Co.*, 59 Minn. 130; *Christie* v. *Chicago, R. I. & P. R. Co.*, 104 Iowa, 707; *Mattoon G. & C. Co.* v. *Dolan*, 105 Ill. App. 1.) The modification of the judgment as to attorney's fees by the Appellate Division was free of error prejudicial to the plaintiff because the trial court erred in continuing the trial of the action for the sole purpose of a verdict, interest and costs as a basis for computing the fees of the attorney under his contingent contract of retainer by the plaintiff, and in summarily fixing the attorney's compensation at Special Term, as between the attorney and the defendant, on the basis of the verdict. (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492; *Fenwick* v. *Mitchell*, 34 Misc. Rep. 617; 173 N. Y. 633; *Smith* v. *Acker Process Co.*, 102 App. Div. 170; *Russo* v. *D'Armstadt*, 116 App. Div. 887; *Levy* v. *Hirchberg*, 85 Misc. Rep. 249; *Dolliver* v. *American Boat Co.*, 32 Misc. Rep. 264; *Oishei* v. *Metropolitan Street Ry. Co.*, 110 App. Div. 709; *Sullivan* v. *McCann*, 113 App. Div. 66; *Kuehn* v. *Syracuse Rapid Transit Co.*, 183 N. Y. 456.)

CARDOZO, J.  In September, 1913, Earl Davis lost his life while working in the defendant's service.  He left a wife but no children.  Husband and wife had lived apart. The mother was sole legatee, and executrix of the will. She retained a lawyer to bring suit against the railroad for causing her son's death.  The retainer was on a contingent basis, the lawyer to receive one-half of the proceeds in the event of a trial and one-third in the event of a settlement before trial.  He served a complaint, which the defendant answered.  Thereafter the defendant paid $400 to the widow, and obtained a release. A supplemental answer pleaded the release in bar.  The trial judge instructed the jury, if they found the defendant

negligent, to assess the damages as if no release had been given. A verdict of $3,000 was returned. Thereafter in an accounting proceeding in the Surrogate's Court, a decree was made fixing the fees and expenses of the attorney at $1,620.50 and the funeral expenses at $141, a total of $1,761.50. On proof of this decree, an order was made reducing the verdict of $3,000 to $1,761.50, for which amount judgment was entered with costs. From that judgment, as well as from the decree of the surrogate, the defendant appealed to the Appellate Division, where both judgment and decree were modified. The ruling was that the limit of the attorney's compensation was the taxable costs and 50% of $400, the sum paid to the widow. The plaintiff is the appellant here.

In this statutory action (Code Civ. Pro. sec. 1902; now Decedent Estate Law [Cons. Laws, ch. 13], sec. 130) the executrix, though a necessary, is, none the less, a formal party (*Matter of Meekin* v. *B. H. R. R. Co.*, 164 N. Y. 145, 149; *Hamilton* v. *Erie R. R. Co.*, 219 N. Y. 343, 350; *Rice* v. *Postal Tel. Cable Co.*, 174 App. Div. 39; affd., 219 N. Y. 629; *Stuber* v. *McEntee*, 142 N. Y. 200; *Am. R. R. Co. of Porto Rico* v. *Birch*, 224 U. S. 547). The proceeds of a recovery are held, not as general assets of the estate, but subject to a special trust. The sole beneficiary of the trust was in this instance the widow (Code Civ. Pro. sec. 1903), who, after action brought, extinguished her beneficial interest by settlement and release. The settlement destroyed the cause of action except in so far as continued life was necessary for the securing to the executrix of rights accruing or accrued (*Bruck* v. *N. Y. C. & H. R. R. Co.*, 219 N. Y. 668, reversing 165 App. Div. 621, on dissenting opinion of SMITH, P. J., in the court below; *Yelton* v. *Evansville & I. R. R. Co.*, 134 Ind. 414, 418, 419). To that extent, its life endured. The right of the executrix to sue connotes the incidental right to continue a suit begun when loss would otherwise result to trustee or to estate.

In this case, we shall assume, though we are not required to decide, that the defendant might have halted the prosecution of the action by abandoning the right to costs, and offering judgment or in some other appropriate way conceding liability for the fees of the attorney up to notice of the release.  The result, moreover, will be the same whether the fees might have been limited to a percentage of the settlement, or should have included such additional amount as the attorney could recover if suing on a *quantum meruit* (*Andrewes* v. *Haas*, 214 N. Y. 255).  The defendant offered none of these things. It pleaded the release in bar, and demanded judgment for the dismissal of the complaint with costs.  The plaintiff, if she had yielded to this defense, would have cast her attorney adrift, to assert against the defendant in some other proceeding a doubtful and contested remedy.  She would have done more.  She would have subjected the estate to a judgment for costs, which she herself, as sole legatee, would ultimately have had to pay. The only way of avoiding these consequences was by continuing the action, and establishing the liability which the defendant had disclaimed.  That is what the plaintiff did.  The action was continued, not by the attorney (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492, 499), but by the client, and continued for their common benefit. In such circumstances, the fees payable to the attorney are not to be measured by the value of the services rendered before notice of the defense.  They must include the value of the services rendered in litigating the merits of the cause of action, and thereby overcoming both denial and defense.  The defendant by its own attitude made the litigation of the merits necessary.  Whatever loss has resulted, it has brought upon itself.

In these circumstances, our decision does not go beyond the facts of the case before us.  Thus confining it, we hold that the plaintiff may properly recover one-half of the damages as compensation payable to her attorney,

and also the taxable costs. We find no justification, however, for including the expenses of the funeral. A different question would be here if the executrix, lacking assets of the estate, had paid these expenses herself on the credit of the cause of action. What her rights would then be, we do not now determine. For all that appears, she paid them out of assets of the estate, in which event the primary fund for payment has already borne the burden (*Matter of Huth*, 88 Misc. Rep. 458).

In upholding, with this deduction, the conclusion of the Trial Term, we are not required to approve its practice. The better practice would have been to prove the extent of the attorney's lien before the verdict, and not after. The irregularity may be overlooked since it has not affected the result.

The judgment of the Appellate Division should be reversed, and that of the Trial Term modified by deducting therefrom the sum of $141, and as so modified affirmed, without costs to either party.

HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; HOGAN, J., dissents.

Judgment accordingly.