Ernest L. Signorelli, S.
The within proceeding involves a question of conflict of laws and whether a judgment of a court of record in the State of New York, i.e., the Surrogate’s Court of Suffolk County, is deserving of the entitlement of full faith and credit by the United States District Court for the District of New Jersey.
Pursuant to an order of Judge Stern of the Federal District Court in New Jersey, Laryssa Elder, as administratrix of the estate of Alfred Elder, has petitioned this court for an order modifying the decree of this court dated May 21, 1975 and signed by my predecessor, Surrogate Pierson R Hildreth.
The modification sought involves a reduction in the amount of fees originally awarded to petitioner’s attorneys as fixed in the said decree by Surrogate Hildreth. Apparently Judge Stern, before whom a wrongful death action was pending, took the position that fees fixed in the decree of the Surrogate’s Court were not in accordance with the contingent fee rule promulgated by the Supreme Court of the State of New Jersey and should be reduced to conform therewith. He then proceeded to state: "I tell you now that I will not approve, as a judge of this court, of any settlement which conveys to attorneys practicing before this Court a fee for a case before this Court in excess of the Rules of this Court, notwithstanding what any Surrogate in New York may say.”
Significantly, the petitioner has not complained of the fees awarded her attorneys but nevertheless has felt constrained to make this application because she was ordered to do so by the Federal District Court Judge.
Letters of administration were granted to petitioner on November 14, 1972 and the same are still in full force and effect. Under such letters and pursuant to EPTL 11-1.1 she was granted the right to contest, compromise or otherwise settle any claim in favor of the estate, trust or fiduciary or in favor of third persons and against the estate, trust or fiduciary. She had and has the right to maintain an action as administratrix of decedent’s estate, to recover damages for a wrongful act, neglect or default which caused the decedent’s death against a person who would have been liable to the decedent by reason of such wrongful conduct if death had not ensued (EPTL 5-4.1). The only restrictions were and are that she is restricted and prohibited from receiving any money *462 resulting from compromise, settlement or judgment as to any such action and from making any distribution thereof to any person until further order of this court.
After the issuance of letters of administration to petitioner she then commenced a wrongful death action in the United States District Court for the District of New Jersey on the jurisdictional ground of diversity of citizenship. After pretrial discovery proceedings and after settlement negotiations, it appears that the parties arrived at a proposed settlement of such wrongful death action. At this point, the United States District Court had jurisdiction under New York law to approve or disapprove the adequacy of the amount of the settlement upon application of petitioner to that forum (EPTL 5-4.6, subd [a]). Under New York law the said District Court had additional concurrent jurisdiction with the Surrogate’s Court to authorize an appropriate distribution of the amount of the recovery to the persons entitled thereto. The Federal District Court chose instead not to avail itself of this right.
The administratrix after the settlement agreed upon thereafter properly petitioned the Surrogate’s Court for the judicial settlement of her account and approval of the amount of the settlement obtained in the action. The court had and has jurisdiction to adjudicate all of the items of relief sought by her petition (EPTL 5-4.4; SCPA 2110, 2204 and the applicable sections of SCPA art 2).
An examination of the records and papers filed in this court in that proceeding shows that this court obtained jurisdiction over all of the necessary parties, that guardians ad litem were duly appointed to represent the interests of all such parties who were under disability as defined by SCPA 103 (subd 37), that all of the parties had notice of all of the relief prayed for in the petition and that all parties had a reasonable opportunity to appear in the proceeding and to protect their respective interests in the subject matter thereof.
With respect to contingent fees of attorneys in claims and actions for personal injury and wrongful death, this court is governed and guided by the pertinent provisions of section 691.20 of the rules of the Appellate Division of the Supreme Court, Second Judicial Department, State of New York (22 NYCRR 691.20). The fees of the attorneys for petitioner as fixed and allowed in the resulting decree signed by Surrogate Hildreth and which the Federal District Court seeks to open *463 and modify fall within the standards provided for and permitted by such section of the rules.
Moreover, the within petition to open and modify the said decree of this court does not allege facts in the nature of fraud, newly discovered evidence, clerical error or other sufficient cause which would justify this court to grant such relief.
Furthermore, it would appear that the United States District Court Judge is presuming to act as an appellate court in this matter, and I am not aware of any authority which permits him to take this position.
The decisions and decrees of this court are entitled to full faith and credit by the Federal courts under the facts and circumstances which appear herein.
The application is accordingly denied in all respects and the petition to open and amend the decree of this court is dismissed.