Mark A. HOLBROOK, Mary E. Holbrook, Individually and as Mother and Next Friend of Daniel M. Holbrook, Plaintiffs,

v.

**ANDERSEN CORPORATION,** Defendant.

**Civ. No. 89–0161 P.**

United States District Court, D. Maine.

Jan. 18, 1991.

James Campbell, Boston, Mass., for plaintiffs.

Martha Gaythwaite, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

This matter is before the Court on the motion of Plaintiffs Mark A. Holbrook and Mary E. Holbrook for approval of a settlement they entered with Defendant on behalf of their minor son, Daniel M. Holbrook. For the reasons that follow, the Court will grant Plaintiffs' motion.

### Background

On July 16, 1988, Daniel M. Holbrook, then 2 and ½ years old, sustained serious injuries when he fell through a second story window at his home in South Durham, Maine.[1] The child's parents, Mark and Mary Holbrook, subsequently retained Campbell & Associates, P.C., a law firm with offices in Boston and Cambridge, Massachusetts, to represent themselves and their son in any action arising out of their son's accident. Campbell & Associates agreed to take the case on a contingency basis, and the Holbrooks and Campbell & Associates executed a contingent fee agreement on August 5, 1988 at the firm's Boston office. The fee agreement provided that the Holbrooks would pay their counsel reasonable compensation not to exceed 40% of the gross amount of any settlement or judgment collected, and that they would in any event be liable for counsel's reasonable expenses and disbursements.[2]

On June 21, 1989, Plaintiffs filed suit against the manufacturer of the screen and window unit, alleging that the unit was defective because it failed to retain the child and did not have a warning. After discovery was complete and the case was set for trial, the parties agreed on the Friday before the trial was scheduled to commence on the following Monday to a compromise settlement in the amount of $725,000. Plaintiffs moved on September 7, 1990 for an order approving the settlement.

As of September 7, 1990, Daniel Holbrook had incurred medical expenses in the amount of $139,028.08. Mark Holbrook is a chief petty officer in the United States Navy and is stationed at the Brunswick Naval Air Station. The Department of the Navy paid 80% of Daniel Holbrooks medical expenses through the Navy's CHAMPUS program. The Department of the Navy has a potential claim to a portion of the proceeds of the settlement; the status of that claim has yet to be determined.[3] See 42 U.S.C. § 2651.

---

1. For a partial description of the pre-trial proceedings in this case, see *Holbrook v. Andersen* 130 F.R.D. 516 (D.Me.1990).

2. The full text of the agreement is set out as Appendix 1 to the Court's opinion.

3. It is not clear from the filings whether other insurors have paid a part of the medical or other expenses of treatment, and, if so, whether they have liens or subrogation claims against the proceeds of settlement.

Campbell & Associates now seeks, pursuant to the contingent fee agreement, a reasonable counsel fee of $290,000. That sum represents 40% of the gross proceeds of settlement. The contingent fee agreement in effect between the parties limits the amount of the contingency fee to 40% of the gross proceeds of settlement or judgment. Plaintiffs' counsel also claims to have incurred $157,506.49 in costs and expenses in the course of pursuing Plaintiffs' claims pursuant to the agreement, and now seeks reimbursement for that amount. The Court held, on January 14, 1991, a lengthy hearing on the pending motion. Plaintiffs Mark A. and Mary E. Holbrook were in attendance at the hearing. They have no objection to the claims made on the motion for reimbursement of counsel's costs and expenses and the award of the counsel fee sought by Plaintiffs' counsel herein. They seek approval of the settlement and allocation and disbursement of the settlement proceeds as now requested by Plaintiffs' counsel.

I.

As a preliminary matter, the Court must ascertain the relevant law to apply to the issues generated by Plaintiffs' motion. Since this is a diversity case, the Court must apply the choice-of-law rules of the state in which it sits. *McAllaster v. Bruton*, 655 F.Supp. 1371 (D.Me.1987) (citing *Klaxon v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941)). The Maine Law Court applies the local law of the state which has the most significant "contacts and relationships" to the parties, transaction or occur-rence, or the most significant governmental interests, when a choice-of-law issue arises as to an issue in tort, *Beaulieu v. Beaulieu*, 265 A.2d 610 (Me.1970), or an issue of contract. *Baybutt Construction Corp. v. Commercial Union Insurance Co.*, 455 A.2d 914, 918 (Me.1983) (relying on Restatement (Second) of Conflict of Laws § 188 (1971)), *overruled on other grounds*, *Peerless Insurance Co. v. Brennon*, 564 A.2d 383 (Me.1989).

The issue presently before the Court, however, does not fit neatly into either the tort or contract category. Plaintiffs ask the Court to approve a compromise and settlement entered into on behalf of their minor child, including an award of attorney's fees.[4] In the Court's view, the present motion generates two major issues: (1) the reasonableness of the settlement, with special attention to be paid to the best interests of the minor; and (2) the applicable standards of professional conduct of counsel appearing before this Court, over which the Court possess inherent supervisory power.

In determining, pursuant to the Court's own Local Rule 31, the reasonableness of the settlement, the Court concludes that Maine law is applicable and defines the legal standards that are to govern the Court's inquiry. The dominant themes of applicable Maine law are that the Court shall protect the interests of the minor plaintiff and that counsel are entitled to reasonable compensation in the circumstances of the case. The State of Maine has a special interest in safeguarding the interests of its citizens and, in particular,

---

**4.** This Court's own Local Rules provide that in personal injury actions brought on behalf of a minor, a settlement must be approved by the Court. Local Rule 31 provides as follows:

No approval of settlement of personal injury actions on behalf of minors will be given unless a motion is filed signed by the next friend or guardian containing the following information where applicable:

(1) A brief description of the accident and of all injuries sustained;

(2) An itemized statement of all medical expenses;

(3) The total amount of settlement and whether the bills are to be paid out of the total settlement or are being paid in addition as part of the parent's claim. If the parent is being paid anything directly, the motion should contain a statement of the total amount being paid the parent and a specification of the items covered;

(4) Whether the settlement was negotiated by counsel actually representing the minor and, if so, the amount claimed as attorney's fees; and

(5) The amount to be deposited on behalf of the minor and the name of the savings institution preferred by the next friend.

Local Rule 31.

the interests of its minors. The Court is certain that a Maine court, faced with this choice-of-law issue, would apply Maine standards to the approval of the settlement, including the reasonableness of any award of costs and attorney's fees.

█ Further, with respect to the standards of professional conduct applicable to attorneys admitted to practice before this Court, this Court, pursuant to its Local Rules, has adopted the Code of Professional Responsibility adopted by the Supreme Judicial Court of Maine. *See* Local Rule 5(d)(2).[5] The Court concludes that those rules govern the conduct of counsel in this case.[6]

## II.

█ The Court briefly reviews the parameters of its review of this compromise and settlement. The Court must review the terms of the compromise and settlement and assure itself that the settlement is fair, reasonable and in the best interests of the minor.

█ With respect to the issue of attorney's fees, the contingent fee agreement is subject to the requirements of the Code of Professional Responsibility, which prohibits an attorney from entering an agreement for an excessive fee.[7]

█ Even if the Court finds that the fee agreement involved here does not result in an excessive fee, it still must examine the agreement to determine whether the agreement is binding on Daniel Holbrook, a minor. The general rule is that an "agreement to a contingent fee contract by a parent or next friend on behalf of a minor is not necessarily binding on the minor, whose interests are subject to the protec-

---

5. Local Rule 5(d)(2) provides:

> Acts or omissions by an attorney admitted to practice before this Court, individually or in concert with any other person or persons, which violate the Code of Professional Responsibility adopted by this Court shall constitute misconduct and shall be grounds for discipline, whether or not the act or omission occurred in the course of an attorney-client relationship. *The Code of Professional Responsibility adopted by this Court is the Code of Professional Responsibility adopted by the Supreme Judicial Court of Maine, as amended from time to time by that Court.*
> (Emphasis added.)

6. The Court notes in passing that it would reach the same result if the validity and extent of an award of attorney's fees under the contingency agreement were viewed essentially as contract issues. The Court finds that the State of Maine has the most significant relationship to the transaction and the parties. Each Plaintiff is a resident of Maine, the minor's injuries occurred in Maine, and the action was prosecuted in the District of Maine. The only contact the Commonwealth of Massachusetts has with respect to this litigation is the fact that Plaintiffs' counsel is located there and presumably did some of its work while physically present within the Commonwealth.

7. Maine Bar Rule 3.3 provides that

> (a) Excessive Fees. A lawyer shall not enter into an agreement for, charge, or collect an illegal or excessive fee. A fee is excessive when, after a review of the facts, a lawyer of ordinary prudence would be left with a definite and firm conviction that the fee is in excess of a reasonable fee. Factors to be considered in determining the reasonableness of a fee include the following:
> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment of the lawyer;
> (3) The fee customarily charged in the locality for similar legal services;
> (4) The responsibility assumed, the amount involved, and the results obtained;
> (5) The time limitations imposed by the client or by the circumstances;
> (6) The nature and length of the professional relationship with the client;
> (7) The experience, reputation, and ability of the lawyer performing the services;
> (8) *Whether the fee is fixed or contingent;* and
> (9) The informed written consent of the client as to the fee agreement.
> (Emphasis added.)

The reference in subsection (8) of the Rule is sufficient, in this Court's judgment, to incorporate into Rule 3.3 and, therefore, to make applicable in this Court pursuant to Local Rule 5(d)(2) the definitions, criteria, and requirements of Me.Bar Rule 8, specifically regulating contingency fees and agreements in respect to them. That Rule specifies the formal requirements of such agreements in subsections (d) and (e), and provides in subsection (f) for resolution of disputes between attorney and client in respect thereto by resort to fee arbitration as provided for in Me. Bar Rule 9.

tion of the court." *Dean v. Holiday Inns*, 860 F.2d 670, 673 (6th Cir.1988) (applying Michigan law). The Court must independently investigate the fee to be charged against the minor's estate to insure that it is "fair and reasonable compensation to the attorney regardless of any agreement specifying an amount, whether contingent or otherwise." *Id.* [8] In this Court's view, Maine law would require application of the general rule described above.[9]

### III.

■■■ The Court, due to the facially questionable factual aspects of the counsel fee application and request for reimbursement of expenses and costs, has reviewed with special care and in great detail the voluminous submissions of Plaintiffs and their counsel showing the detailed factual bases for the claims for reimbursement of expenses and costs and for counsel fees. These include memoranda of law, affidavits, and Plaintiffs' counsel's documentation of expenses and attorney time spent in the prosecution of this litigation, as well as the costs that are properly part of overhead, but nevertheless associated with the prosecution of Plaintiffs' claims.[10] The Court is also intimately familiar with the history of this case, as it has been continuously involved with pretrial proceedings in respect thereto throughout its pendency. After applying the principles described above, the Court makes the following findings and conclusions:

### IV. FINDINGS AND ORDER

(1) The Court *FINDS* the compromise and settlement of Plaintiffs' claims against

Defendant Andersen Corporation for the payment of the amount of Seven Hundred Twenty–Five Thousand Dollars ($725,000.00) to be fair and reasonable in consideration of the unique difficulty of said claims and the remoteness of the likelihood of a significant recovery being effected thereon at trial. It is hereby *ORDERED* that the compromise settlement in the said amount be, and it is hereby, *APPROVED*. It is hereby *ORDERED* that Defendant Andersen Corporation shall pay to Plaintiffs' counsel within fourteen (14) days from the date of this order, the settlement proceeds in the amount approved above upon execution and delivery of the appropriate settlement documents.

(2) The Court hereby *APPROVES* as fair and reasonable the payment to Mark A. and Mary E. Holbrook, the parents of Daniel M. Holbrook, jointly, of Fifty Thousand Dollars ($50,000.00) from the proceeds of settlement as reimbursement to them for uninsured medical and other expenses incurred by them, or either of them, on behalf of the minor and as compensation for their loss of consortium resulting from the minor's injuries. It is hereby *ORDERED* that Plaintiffs' counsel disburse said amount to them jointly forthwith upon receipt of the settlement proceeds.

(3) The Court hereby *APPROVES* as fair and reasonable, in the circumstances of this case and after considering at length the extensive practical difficul-

**8.** Moreover, by the very terms of the contingent fee agreement, counsel for Plaintiffs is entitled to *"reasonable compensation ... not to exceed... forty (40) per cent." See* Appendix 1 (emphasis added). This provision is in compliance with the rules governing professional conduct in both Maine and Massachusetts, which allow counsel to enter fee agreements for "reasonable contingent compensation." Me. Bar Rule 8; Supreme Judicial Court of Massachusetts, Rule 3:05.

**9.** *See, e.g.,* 14 M.R.S.A. § 1605, which provides in pertinent part:
No settlement of any action brought in behalf of an infant by next friend or defended on his behalf by guardian or guardian ad litem shall

be valid unless approved by the court in which the action is pending, or affirmed by an entry of judgment. ... An order approving such a settlement shall have the effect of a judgment. The court may make all necessary orders for protecting the interests of the infant and may require the guardian ad litem or next friend to give bond to truly account for all money received in behalf of the infant.

**10.** The Court has not justified any part of the approved counsel fees on the basis of such overhead costs. Such costs, in appropriate cases, however, may be indicative of some aspects of the extent of counsel's burden in prosecuting the client's claim.

ties of the case, reimbursement to Campbell & Associates of the costs and expenses incurred in the prosecution of this case in the amount of One Hundred Fifty–Seven Thousand Five Hundred Six Dollars and Fifty Cents ($157,-506.50) from the proceeds of settlement; and it is hereby *ORDERED* that such reimbursement be implemented forthwith upon Plaintiffs' counsel's receipt of the settlement proceeds.

(4) The Court *FINDS* to be fair and reasonable, in view of the particular difficulty of the case and the outstandingly successful result of counsel's effort in effecting a generous recovery on a claim of great difficulty, reflecting still, in the view of the Court, on its merits, serious questions as to whether Plaintiffs would be likely to succeed, as well, if at all, at trial, a present award of attorney's fees in the amount of Two Hundred Thirty–Four Thousand Dollars ($234,000.00). It is hereby *ORDERED* that the sum of $234,000.00 is to be paid to Plaintiffs' counsel forthwith upon Plaintiffs' counsel's receipt of the settlement proceeds.

(5) It is hereby *ORDERED* that the sum of One Hundred Thirty–Nine Thousand Twenty–Eight Dollars ($139,028.00) from the proceeds of settlement shall be placed forthwith in an escrow account in the name of Plaintiffs' counsel and Plaintiff Mark A. Holbrook pending resolution of the potential liens or CHAMPUS claims of the Department of the Navy, or others, against the proceeds of settlement. A maximum of Fifty–Six Thousand Dollars ($56,000.00)

of the amount so placed in escrow shall be held to be subject to payment as additional reasonable counsel fees to Plaintiffs' counsel from the portion of the settlement so placed in escrow; the amount of such additional fee to be determined, upon application therefor, by further order of this Court.

(6) The Court hereby *ORDERS* that Plaintiff's counsel make arrangements for the balance of the settlement proceeds in the amount of One Hundred Forty–Four Thousand Four Hundred Sixty–Five Dollars and Fifty Cents ($144,-465.50) plus any amounts that shall hereafter devolve from the aforesaid escrow account to the title or benefit of Daniel M. Holbrook upon resolution of all claims upon the proceeds of said escrow account, to be held and invested with prudence by the standards applicable to a trustee, in the names of Mark A. Holbrook and Mary E. Holbrook *as trustees for the benefit of* Daniel M. Holbrook until said Daniel M. Holbrook shall achieve his majority, said funds and the increase thereof to be used only for the maintenance, support, care, medical, and other necessary expenses and care of said Daniel M. Holbrook while held in said trust. Plaintiffs' counsel shall be responsible to see that such trust is established upon such writings, instruments of trust, and terms as, in the exercise of sound professional judgment, are necessary for the protection of the interests of said Daniel M. Holbrook until he shall reach his majority.

## APPENDIX 1

[To be Executed in Duplicate]

Date: August 5 , 19 88

The Client Mark Holbrook and Mary Holbrook, Individually and as
Parents of Daniel Holbrook, Route 225- #252, South Durham, Maine 04032
(Name)                              (Street & Number)                         (City or Town)

retains the Attorney Campbell and Associates Professional Corporation
(Name)                              (Street & Number)                         (City or Town)
83 Atlantic Avenue, Boston, MA    02110

to perform the legal services mentioned in paragraph (1) below. The attorney agrees to perform them faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the services are to be performed are:
All claims, discovery, pretrial preparation, trial and other services for claims arising out of injuries sustained by Daniel Holbrook on or about July 16, 1988.

(2) The contingency upon which compensation is to be paid is:
Settlement or judgment of the aforedescribed matter.

(3) The client is not to be liable to pay compensation otherwise than from amounts collected for him by the attorney, except as follows: In the event that the client refuses to cooperate in the preparation or trial of the case so that an unreasonably low settlement or a dismissal results, then the client may, at the sole discretion of the attorney, be charged the fair value of the services rendered to the client in the handling of the matter rather than the contingent fee.

(4) Reasonable compensation on the foregoing contingency is to be paid by the client to the attorney, but such compensation (including that of any associated counsel) is not to exceed the following maximum percentages of the gross ⟨̶X̶X̶X̶⟩̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶X̶ amount collected. [Here insert the maximum percentages to be charged in the event of collection. These may be on a flat basis or in a descending scale in relation to amount collected.]

Forty (40%) per cent

(5) The client is in any event to be liable to the attorney for his reasonable expenses and disbursements.

(6) If the attorney is discharged by the client prior to the conclusion of this representation, the attorney is entitled to be then compensated for his reasonable expenses and disbursements. Further, the attorney is to be compensated for the fair value of the services rendered to the client up to the time of discharge, but the amount of the fee shall not be due to the attorney until the subject matter litigation is concluded pursuant to Paragraphs 2 and 3 above.

This agreement and its performance are subject to Rule 3:14 of the Supreme Judicial Court of Massachusetts.

WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

Witnesses to signatures

To client)

To attorney)

Mark Holbrook and
(Signature of Client)
Mary Holbrook, Individually and as Parent of Daniel Holbrook
(Signature of Attorney)
James M. Campbell

If more space is needed separate sheets may be attached and initialed.
Authorized by SUPREME JUDICIAL COURT OF MASSACHUSETTS

EFFECTIVE JANUARY 1 1986