Allison SCOTT, Individually and as next best friend of London Derika Davis, Plaintiff,

v.

DISTRICT OF COLUMBIA and Correction Corporation of America, Defendants.

No. 98cv01645 (HHK/JMF).

United States District Court, District of Columbia.

Oct. 12, 2000.

Elmer Douglass Ellis, Paul A. Kaplan, David, Hagner, Kuney & Davison, P.C., Gregory L. Lattimer, James William Gladstone, Womble, Carlyle, Sandridge & Rice, PLLC, Washington, DC, for plaintiff.

Mark Daniel Hopson, Frank R. Volpe, Sidley & Austin, Eugene A. Adams, III, John J. Grimaldi, II, Office of Corporation Counsel, D.C., Elizabeth Sarah Gere, Carmen Rhea Kelley, Ross, Dixon & Bell, LLP, Washington, DC, Daniel P. Struck, Darrin J. DeLange, Jones, Skelton & Hochuli, Phoenix, AZ, Joseph Egidio DiGenova, Victoria Toensing, Brady Cronon Toensing, DiGenova & Toensing, Washington, DC, for defendants.

## MEMORANDUM AND ORDER

FACCIOLA, United States Magistrate Judge.

Plaintiff, London Davis, a child, sues by her next best friend, her mother, Allison Scott, as the survivor of her father, Derrick Davis. Davis was an inmate at Correction Corporation of America's ("CCA") facility in Ohio ("NOCC"). He was incarcerated by the District of Columbia and shipped to the CCA facility pursuant to a contract CCA had with the District. Both Davis and his killer, Richard Johnson, were transferred to NOCC and

housed in the general population. Johnson, already convicted of three murders, including one committed while incarcerated, murdered Davis. Davis's daughter now seeks damages from CCA and the District for her father's wrongful death and the case was assigned to me, a magistrate judge, for settlement discussions.

I have decided that I must appoint a guardian ad litem to represent the child's interests during settlement discussions and this memorandum explains why.

■ If I presume that the attorneys representing London's mother are representing the child pursuant to a written agreement under which they will be paid a fee, the child, not being a party, and being, in any event, incapable of entering into a contract, is not bound by it. Hence, the courts invariably disregard any such contract and permit the attorney, who prevails on the child's behalf, to secure a reasonable fee for the services provided, whether that be more or less than the contract between the child's next best friend and the attorney provides. *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir.1997); *Dean v. Holiday Inns, Inc.*, 860 F.2d 670, 673 (6th Cir.1988); *Holbrook v. Andersen Corp.*, 756 F.Supp. 34, 38–39 (D.Me.1991); *Friends For All Children Inc. v. Lockheed Aircraft Corp.*, 567 F.Supp. 790, 813 (D.D.C. 1983).

■ It is equally well settled that, while a child's next best friend may represent the child pursuant to Fed.R.Civ.P. 17(c), the court has inherent authority under that rule to appoint a guardian ad litem to represent the child when it perceives that the minor's interest may conflict with the next best friend's. *Hoffert v. General Motors Corp.*, 656 F.2d 161, 164 (5th Cir.1981); *Peterfreund v. Ogunleye*, No. 93–CV–4550 (JG), 1999 WL 65997, at * 4 (E.D.N.Y. Feb.10, 1999); *Rubin v. Smith*, 882 F.Supp. 212, 216 (D.N.H.1995); *Byrd v. Woodruff*, 891 S.W.2d 689, 704 (Tex.App.1994)(Texas law); *In re the Estate of Holquin*, 101 Misc.2d 174, 420 N.Y.S.2d 670, 674 n. (Surrogate's Court Queens County 1979). *See also Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir.1958)(failure to give due consideration to the propriety of appointing a guardian ad litem for child *sua sponte* may be abuse of discretion). *Cf. Rubin v. Smith*, 882 F.Supp. at 216 (magistrate judge has power under Fed.R.Civ.P. 17(c) to appoint a guardian ad litem).

■ I perceive such a conflict in this case. The child's mother is contractually bound to pay counsel's fee and therefore has an interest in settling this case at an amount which will provide what she deems to be a sufficient recovery to her child, after the contractual attorney fees have been deducted. The child, a stranger to the agreement with counsel and not bound by it, has no obligation to make the deduction of the contractual fees from any settlement. That child is protected by the principle that the attorneys may receive only what a court determines to be a reasonable fee. She, independently represented, therefore might be willing to accept a lesser sum in settlement than her mother would because the reasonable fees to be awarded may be less than the contractual fees. Her mother, however, cannot escape from whatever contractual obligation she has while the child is completely free of any such obligation. Since it seems to me to be inevitable that the mother's contractual obligation to the attorneys will color how she reviews any settlement offers, and the mother's doing so conflicts with the child's right to disregard that obligation, I believe that independent representation of the child during the settlement process is crucial to the protection of the child's interest.

I appreciate that the mother's attorneys challenge my appointing a guardian ad litem because it will disclose what was said to me during settlement negotiations and because it exceeds my power as a mediator.

First, I have not and will never disclose any thing said to me during settlement discussions. I base my analysis of the potential conflict between mother and daughter solely on the presumption that lawyers usually do not work for nothing and there must be some financial remuneration understanding between the mother and the attorneys. I do not know exactly what it is and I certainly would not disclose it had it been revealed to me during settlement discussions. I am bas-

ing my conclusion on what I theoretically believe to be true and certainly not on what was disclosed to me during settlement discussions.

Second, I do not cease being a magistrate judge simply because I also act as a mediator. If a magistrate judge, presiding over a trial or hearing, were to conclude that the interest of child and the child's next best friend were in conflict, she would be obliged to appoint a guardian ad litem. I see no reason why a magistrate judge is any less obliged because her perception of a potential conflict emerges during mediation, which is but another manner of exercising the responsibilities the magistrate judge has. Settlement discussions do not turn a magistrate judge into a potted plant who can ignore dealing with a situation which requires judicial intervention.

Finally, I appreciate that my analysis suggests that a guardian ad litem may have to be appointed in every case where a child proceeds by her next best friend and the next best friend has hired counsel. But, the law never permits an attorney to accept more than a reasonable fee for representing a child and it may well be that appointing a guardian ad litem will have to be a matter of course whenever it may appear that the attorney has a contractual right to more than what a court ultimately deems to be reasonable. Nor can it be fairly said that attorneys, reduced to accepting a reasonable fee rather than the one they bargained for, will be loath to represent children. The case law I have reviewed has convinced me that attorneys can never secure more than a reasonable fee for representing a child, and appointing a guardian ad litem to make sure they secure no more than that leaves them where I found them.

I appreciate that my appointing a guardian ad litem to participate in settlement discussions and to in effect become the child's sole representative is controversial. I will therefore order the appointment of a guardian ad litem but stay my order until, upon the application of either party, Judge Kennedy has had an opportunity to review it.

**IT IS THEREFORE ORDERED** that a guardian ad litem is appointed to represent London Davis but that this order is stayed for ten days to permit either party to seek review of its propriety by Judge Kennedy.